Kirkmans
vs.
Harkins.

## T. & J. KIRKMANS *vs.* MARTIN HARKINS.

*Error from Lauderdale County Court.*

In a proceeding had under the statute, against a sheriff for not making the money on an execution, no notice of the "suggestion" to the court is necessary.

The remedy against sheriffs for not making the money on an execution, is not limited to the return term of the execution, but may be sought at a subsequent term.

This case originated from a motion made in the County Court of Lauderdale county, against a sheriff, for not making the money on an execution of the plaintiffs. The declaration set out, that the sheriff's return on the execution was, that a levy had been made in pursuance of the same, but that the money was not made for want of time, and suggested, that the sheriff could have made the money by due diligence. A motion was made to the court below to quash the proceedings, on the grounds—

1st. That the motion should have been made at the term of the court to which the execution was returned.

2d. That the notice was in itself insufficient.

The motion to quash being sustained, the Kirkmans assigned for error, the decision of the court.

ORMOND, for Plaintiff in error—

. Contended, that the notice which had been issued and serv-ed on the defendant, was, under our statute, sufficient, and made at the proper time.

A notice, in fact, was not necessary, as one particular statute of this state gave a remedy against the sheriff, without requiring any notice whatever. But if notice was requisite, the insufficiency of the present one was waved, by the appearance of the party. The only object to be attained by notice, is, that the sheriff may be apprised of what he is called upon to answer, so that he may prepare that defence which will avail him. If the notice, in the present case, did not effect this, the defendant should have moved a continuance.

P. MARTIN, *contra.*

The propriety of making this motion at the return term, is evident, from the nature of the remedy. The defence of a sheriff would necessarily be in court, and attached to his office. In an analagous case, that of ruling a sheriff for not returning an execution, the courts at *nisi prius* have settled the principle, and determined that the motion must be made at the return term. The principle applies in a stronger way here. In this case, the plaintiff waits three years, and then makes a call upon the sheriff, at that late period, to answer matters entirely beyond his reach.

The statute giving this remedy, imposes a penalty on the sheriff, and should be construed strictly. The notice is informal. It may be admitted, that notice is not strictly required by the statute ; but if a party undertakes to issue a notice, he must pursue the general requisites of a notice, strictly. The declaration is unnecessary, and the insufficiency of the notice cannot be sustained by that. As for the suggestion, it does not set out when the judgment was obtained, nor when the execution was placed in defendant's hands. These are material points in the sheriff's defence.—*Aikin's Dig.* 175—1 *Bibb,* 269.

Kirkmans
vs.
Harkins.

ORMOND, in reply—

Read the law.—*(Aik. Dig.* 175.) The law here read, gives a party in execution a summary remedy against the sheriff.

It merely requires the court to direct an issue, which issue tries the fact. The party defendant can only make such a defence as the law will notice. Has he complied with the requisitions of the statute, and exercised due diligence in his efforts to make the money? If he can make this showing at the first term, he can always afterwards.

The statute neither restricts his defence, nor the plaintiffs' remedy. It should be construed strictly against sheriffs, because it is intended to hold this class of officers to a strict account.

By Mr. Justice THORNTON:

This writ of error is brought to reverse a judgment of the county court of Lauderdale, in a proceeding there had under the 3d section of the act of 1826, entitled an act "The better to secure money in the hands of clerks, sheriffs, and coroners." The record discloses, as the incipient step in the procedure, a notice, dated 16th February, 1831, to the defendant, late sheriff of Lauderdale, stating that the plaintiffs would, on the 18th of said month, move the court then in session, for an issue, according to the statute, to make him liable for not making the money on an execution, said to have been issued on a judgment in favor of the plaintiffs, against one Daniel Wilerson. It does not appear that this notice was ever served on the defendant. Then follows a formal declaration, setting forth with particularity, all the grounds upon which a recovery is sought from the defendant, and concluding with a prayer for an issue, to be ordered according to the statute above referred to. Whereupon, the court ordered an issue to be forthwith made up, to try the fact, whether, by due diligence, the money could have been made upon the execution, before the return day thereof.

Immediately upon this order for an issue to be made up, on <span>Kirkmans</span> the motion of the defendant, the whole proceedings are <span>vs.</span> <span>Harkins.</span> quashed, and the judgment for the costs rendered against the plaintiffs, which is now here assigned as error.    I cannot perceive upon what view of the case, the motion to quash the proceedings, was sustained.   Its propriety is defended by counsel here, upon the grounds, that the record does not disclose a sufficient ground of claim by the plaintiff; that if so, no sufficient notice of such claim or demand was given to the defendant ; and lastly, that the proceeding was not warranted by the statute ; because not instituted at the term to which the execution was returnable.   From the view which I take of the statute, the proceeding, when arrested, and quashed, was not obnoxious to either objection here intimated. The first step which the statute requires, is the suggestion to the court, by the party complaining, of defalcation in the officer.   No notice that such suggestion will be made, is required to be given.   The application is ex parte, and the issue ordered as of course, upon the plaintiff's suggestion.    Thus far, no detriment can ensue from the ex-parte nature of the proceeding, and the statute clearly allows it to be so.   If the court had proceeded to make up the issue, and try the fact without notice, then a clear injustice would have been done, which the statute does not allow, nor could constitutionally have permitted.   The issue in this case was forthwith ordered to be made, to try the fact suggested, but it was not made, nor a trial had.   Previous to the doing of either of those things, we are to presume that the court would see that due and legal notice had been given to the party defendant, to come forward, to unite in the issue, and defend the trial.   So far as want of notice may have been the foundation of the judgment complained of, is clearly unsupported ; as the only notice contemplated by the statute, and necessary to the maintenance of his defence, should regularly have originated subsequent to the state of proceeding, when the motion to quash was made by the defendant, and

4

Admr's Booker
vs.
Hunt & Con-
dry.

sustained by the court. As regards the statement on the record, of the ground of claim, by the plaintiff from the defendant, it appears to contain every requisite, which ought, in reason to be demanded. A regular declaration, containing an ample and certain detail of the matters complained of, is filed and accepted by the court as a suggestion; upon which, the issue, as above stated, was ordered. All that can be said against this course, is at most, but to the manner, and not to the matter of the proceeding. The argument, that the remedy afforded by the statute in this case, is limited to the term of the court to which the execution is returnable, is no less untenable. When an action or remedy, once arises, it will continue without limit as to time; unless its term is prescribed by some positive enactment. The statute giving the summary remedy pursued in this case, does not limit its operation, and if embraced even in the equity of the general statute of limitations, it is not barred.

The judgment is reversed, and the cause remanded.