Brown, *et al. v.* Wheeler.

———◆———

## BROWN, *et al.* v. WHEELER.

1. When a statute gives a summary remedy, by motion, and is silent with respect to the notice to be given to the defendant, he is entitled to reasonable notice. To support a judgment in such a case, it must affirmatively appear that such notice was given, and such notice will not be inferred from a statement on the record, that the parties came by their attornies.

2. In the summary proceeding given by statute, in favor of a security against his principal, to recover money paid on a judgment, it is necessary to connect the instrument, by which the security was bound, with the judgment paid by him.

3. In such a case, if judgment is rendered for interest on the sum paid, the record must show the time when the security paid the debt, if the liability is not ascertained by verdict.

4. *Query*—Whether any summary proceeding can be had under the act of 1821, by the surety to a writ of error bond, when the judgment is rendered against him in the Supreme Court, inasmuch as the motion is to be made in the Court where the judgment was rendered.

Writ of error to the Circuit Court of Barbour county.

THE only proceeding of record in this case, is the following judgment entry:

Green B. Wheeler v. Samuel N. Brown, Daniel McKenzie and Francis W. Pugh.

And now at this day came the parties by their attornies, and it appearing to the satisfaction of the Court, that a writ of *fieri facias* has heretofore issued out of this Court, at the instance of Wilson M. Bates, against the goods and chattels, lands and tenements of Samuel N. Brown, Daniel McKenzie, Francis W. Pugh, William Brown and Green B. Wheeler, for the sum of two thousand two hundred and eighty-seven dollars and twenty-six cents, debt, and two hundred and twenty-eight dollars and seventy-two cents damages, together with the sum of twenty-nine dollars and six cents, costs; and that the sum of two thousand dollars has been paid on said writ of *fieri facias*, by the sale of the property of Green B. Wheeler; and it having been shewn to the satisfaction of the Court, that the said Green B. Wheeler was the security of said Samuel N. Brown, Daniel McKenzie and Francis W. Pugh, on a writ of error bond, upon a judgment obtained in this Court against the said Samuel N. Brown, Daniel McKenzie and Francis W. Pugh, for the said sum of two thousand two hundred and eighty-nine dollars and twenty-six cents, besides costs. It is, on motion, considered by the Court, that the said Green B. Wheeler recover of the said Samuel N. Brown, Daniel McKenzie and Francis W. Pugh, the said sum of two thousand dollars, with interest thereon, from the 1st day of January, 1841, together with costs, for which execution may issue.

The defendants seek to reverse this judgment.

1. Because they had no notice of the motion.

2. Because there is no declaration or allegation.

3. Because no issue was made, or tendered to the defendants.

4. Because the facts were found by the Court without the intervention of a jury, and because the defendants had no election.

5. Because judgment was not rendered against William Brown, jointly with the defendants.

6. Because it does not appear that the defendants were the sureties of the plaintiff, with respect to the identical execution on which the money was paid.

7. Because judgment was rendered for the amount paid, with interest from a given day, and the record does not show when the money was paid.

8. Because the judgment is void, for uncertainty in awarding interest from a day anterior to its rendition, without proof, showing how much had accrued.

BUFORD, for the plaintiff in error.

No counsel appeared for the defendant.

GOLDTHWAITE, J.—We presume this suit was commenced with a view to the summary remedy given by the act of 1821. This act provides that " in all cases where judgment shall be entered up in any Court of record, or by any justice of the peace, against any person or persons as security or securities, their executors or administrators, upon any note, bill, bond or obligation, and in all cases where execution shall be awarded by or issued from any of the Courts of record, or by any justice of the peace, against any person or persons as security or securities, his, her or their heirs, executors, or administrators, upon any bond, obligation or recognizance, and the amount of such judgment or obligation, or any part thereof, hath been paid or discharged by such security or securities, his, her or their heirs, executors or administrators, it shall be lawful for such security or securities, his, her or their heirs, executors or administrators, to obtain judgment by motion, against such principal obligor or obligors, recognizor or recognizors, his, her or their heirs, executors or administrators, in any Court, or before any justice of the peace, where such judgment may have been entered up, and execution awarded against such security or securities, his, her or their heirs, executors or administrators, for the full amount which shall have been paid, with interest thereon, from the time the same shall have been paid and satisfied, until such judgment be discharged." Aikin's Digest, 384, § 3.

Although this enactment does not expressly require that notice of the motion should be given to the defendant, we think

it would be most unreasonable to suppose that a mere *ex parte* proceeding was intended. We have, heretofore, considered notice as essential to the validity of judgments, under statutes similar in principle. Reed, *et al.* v, Jackson, 1 Ala. Rep. N. S. 207; Kirkmans v. Hawkins. 1 Porter, 22.

The repeated decisions which have been made in this Court in cases of summary proceedings, by banks and against sheriffs, leave but small space for farther adjudication by us, on any of the many statutes by which a like remedy is given, and we cannot but think that a reference to some few of those decisions, would effectually prevent any error from intervening. In Curry v. The Bank of Mobile, 8 Porter, 372, we say that, "in cases of this summary character, the judgment, whether by default or otherwise, must show, affirmatively, every fact necessary to give the Court this summary jurisdiction. In judgments by default, the liability of the defendant must also be shown. When an issue is made up, the verdict will ascertain the defendant's liability, as in other cases of suits commenced in the ordinary mode, and it is [in the case of an issue tried] unnecessary to encumber the record, either with the proof or fact of notice, or of those facts which constitute the liability for the debt." In Bondurant v. Wood and Adams, 1 Ala. Rep. N. S. 542, we considered the submission of a cause to the decision of the Court upon a statement of facts, as equivalent to an issue, for the purpose of inferring that the parties were regularly before the Court, either having had, or waiving, notice. No such implication arises from the fact stated in this record, that the parties came by their attornies. Notice of the motion was necessary to authorise the summary jurisdiction exercised by the Court, and as this is not shewn, the judgment cannot be supported.

2. But independent of this, the liability of the defendants does not appear; there is nothing to connect the bond with the execution, or which shows the rendition of any judgment on the bond to warrant the execution.

3. With respect to the interest, the judgment is also defective, because no fact is stated from which the time of payment can be inferred.

It is also deserving of consideration by the plaintiff, whether any summary proceeding can be had by the security against his principal, on a bond for a writ of error to the Supreme

Court, inasmuch as the statute directs the motion to be made in the Court where the judgment was rendered.

We will likewise take this occasion to remark, that the case of Clements, *et al.* v. The Branch Bank, 1 Ala. Rep. N. S. 50, points out with sufficient precision, the form of proceeding, applicable to most, if not to all, of the statutes which give summary remedies by motion.

Let the judgment be reversed, and the case remanded.