# Lehman, Durr & Co. *v.* Collins.

*Bill in Equity by Judgment Creditor to Redeem.*

1. *Decrees against non-resident defendants; when not absolute.*—A decree in equity against a non-resident defendant, without personal service, who does not appear, is not absolute under the statute (Code of 1876, § 3830), until eighteen months from the rendition thereof; and within that period, the chancellor has the power, and it is his duty, on the filing of a petition by such defendant showing sufficient cause therefor, to open the decree and hear the cause upon the merits.

2. *Same; when notice of the petition essential.*—Where a non-resident defendant files his petition to open a decree rendered against him after such decree has been executed, and all proceedings in the cause have been terminated, and the parties have been dismissed the court, notice of the petition must be given to the parties having rights and interests, which would be affected by setting aside the decree and reopening the litigation, although the statute is silent as to such notice.

3. *Same; not set aside as matter of absolute right and of course.*—Under the present statute, a decree against a non-resident defendant, without personal service, should not be opened as a matter of absolute right and of course, on the presentation of a petition, but only upon sufficient cause shown. It should be shown that because the party had not actual notice of the suit and the opportunity to defend, an unjust decree had been pronounced against him; and if this is not shown, but it is apparent from the averments of the petition, that the decree is right and just in itself, and such an one as the court, on another hearing, would be bound to render, the decree should not be opened or set aside.

4. *Bill to redeem by judgment creditor; offer to redeem, to whom made.* While the statute requires that redemption of lands sold under a power

[Lehman, Durr & Co. v. Collins.]

contained in a mortgage, must be made from the purchaser or those claiming under him; yet, if the purchaser subsequently alienates the lands purchased, the mortgagor or judgment creditor seeking to redeem, must have notice, or information of facts sufficient to put him on inquiry, that the purchaser has divested himself of the title, and who has succeeded to it, before he can be required to make the offer and tender to the alienee of the purchaser. In the absence of such notice or information, it is to the purchaser only he can apply for redemption, and an offer to redeem and tender made to him are sufficient.

5. *Registration of deed; effect of as notice.*—The registration of a deed operates as notice only of rights or claims derived from the grantor by whom the deed is executed, and not as notice of claims or rights derived from others not parties to the deed.

6. *Same.*—Where a purchaser of lands at a sale under a power contained in a mortgage subsequently sold the lands, but did not execute to his vendee any deed thereto, the latter taking a conveyance directly from the mortgagor, the registration of such conveyance does not operate as constructive notice to judgment creditors seeking to redeem the lands, of such vendee's claim or title to the lands, and to him they are not required to apply for redemption in the absence of actual notice.

7. *Offer to redeem; absence from the State of party to whom it should be made, dispenses with necessity therefor.*—The absence of the party to whom an offer to redeem and tender should be made, dispenses with the necessity of such offer and tender before filing the bill. In such case, the statute is complied with, if the offer and tender are made in the bill, filed within two years.

8. *Redemption of lands; what liens or claims the party seeking, must satisfy.*—While a judgment creditor, seeking to redeem lands sold under a power contained in a mortgage, is bound to satisfy every lien or incumbrance or claim for which the purchaser would be entitled to hold the lands as security, or to which a court of equity would subject them; this embraces only liens, legal or equitable, and claims capable of enforcement, and not secret trusts, void under the statute of frauds.

9. *Deposit of title deeds to lands as security, void under statute of frauds.* The doctrine of the English Court of Chancery, that a deposit of the title deeds to lands for the security of a debt is an equitable mortgage, is in violation of the statute of frauds and can not be maintained in this State.

APPEAL from Etowah Chancery Court.

Heard before Hon. H. C. SPEAKE.

The facts are stated in the opinion.

AIKEN & MARTIN, and RICE & WILEY, for appellant.

DENSON & DISQUE, contra.

BRICKELL, C. J.—The appellants, as judgment creditors of William T. Shook, filed the original bill in this cause to compel a redemption and conveyance to them of certain real estate, situate in the town of Gadsden, which had been sold under a power in a mortgage executed to Shook, and of which the respondent, now appellee, Conley, had become the purchaser. The bill avers that Conley "pretends to have contracted with one Collins, who resides in the State of North Carolina, and whose christian name is unknown to your orators, and can not

[Lehman, Durr & Co. v. Collins.]

be ascertained by them by diligent inquiry, for the sale of the original store-room hereinbefore described, some months ago." They charge, upon information and belief, that "said Collins resides in the State of North Carolina, and is now absent from this State, and has no agent to represent him here in regard to said property," etc. The money to redeem was brought into court, and a tender thereof made to Collins, if it should be ascertained he was the party from whom the redemption should be made, accompanied with an offer to pay all lawful charges, etc. This bill was taken as confessed by Collins, after publication, and the cause progressed to a final decree, letting in the appellants to redeem and awarding a writ of assistance to put them in possession. Within eighteen months after the rendition of this decree, and after all proceedings in the cause had terminated, Collins filed in open court a petition to open the decree, and be let in to make defense.

The petition avers Collins' residence in North Carolina, the filing of the original bill, and the proceedings thereon. It is averred that Conley was without any interest in the real estate, at the time the appellants made to him the offer and tender to redeem, and it is further averred, that in March, 1874, the mortgagor, Shook, was indebted to certain persons in a sum exceeding two thousand dollars, to secure the payment of which he had deposited with them the title deeds to the real estate. This indebtedness was compromised at the sum of seven hundred dollars, for the payment of which Conley became the surety of Shook, on the agreement that if he had the debt to pay, the deeds should be turned over to him for his indemnity. Conley had the debt to pay, and the deeds were delivered to him. In November, 1875, he sold the real estate to one Lloyd, to whom the mortgagor made a conveyance. Soon after Lloyd sold the real estate to petitioner, the sale being prior to the offer and tender to redeem made by the appellants to Conley. The petition was not verified, and of its filing notice was not given the appellants. On the day of the filing, the chancellor made an order setting aside the former decree, restoring the cause to the docket, and allowing the petitioner to defend on the merits. At the succeeding term of the court the appellants moved the court to set aside the order at the previous term opening the decree, because it was made without notice to them; because the petition was not verified, and because no sufficient cause for opening the decree was shown. The motion was overruled, and at a subsequent term on a hearing, the chancellor rendered a decree declaring the appellants had not a right to redeem that part of the premises claimed by Collins, because they had not tendered the amount Conley had paid as the surety of Shook,

and for which the title deeds were deposited with him as security.

1. The statute provides the mode in which necessary or proper parties defendant to suits in equity, who may reside without the State, can be made parties defendant, and decrees obtained against them. Such a decree is not as to such defendants absolute, if they do not appear until eighteen months after its rendition. On the filing of a petition within that period, the chancellor has the power, and it is a duty, *upon sufficient cause shown*, to open the decree, and hear the cause upon the merits, as if no decree had been rendered.—Code, §§ 3830–31. The statute does not in express terms require that notice of the petition shall be given the adverse party. But notice to the parties in interest is an essential element of all judicial proceedings by which they are to be effected. From the mere silence of the statute as to notice, it is not to be presumed that an *ex parte* proceeding is intended.—*Brown v. Wheeler*, 3 Ala. 287; *Reid v. Jackson*, 1 Ala. 217; *Kirkman v. Harkins*, 1 Port. 22; *Wilburn v. McCalley*, 63 Ala. 436. The general rule of practice in a court of chancery is, that all petitions which are not of course, must be served upon the adverse party.—3 Daniel's Ch. Pr. 1711. If a final decree has been rendered, ulterior proceedings being necessary to its execution, and as to them the cause remaining *in fieri*, the filing of the petition in open court would operate as notice to all parties before the court. But when all proceedings are terminated, and the parties have been dismissed the court, notice of the petition must be given to the parties having rights and interests which would be affected by setting aside the decree, and re-opening the litigation. Without such notice it could not be known to them that further attendance upon the court was necessary, and they would not have the opportunity of sustaining the correctness of the former decree, and of protecting their rights.

2. Whatever may have been the right of a party against whom a decree was rendered without personal service, under former statutes, it is not under the present statute a matter of absolute right and of course, on the mere presentation of a petition, to open a decree which has been rendered against him. The decree, in the words of the statute, is to be set aside only *upon sufficient cause shown*. If it is not shown by the petition that the decree is prejudicial to the petitioner, and that on a hearing on the merits it will so appear, there is no reason for setting it aside and re-opening the litigation. A decree, right and just in itself, and which the court on another hearing would be bound to pronounce, ought not to be set aside at the mere will or caprice of a party affected by it. It should be shown that because the party had not actual notice of the suit, and

the opportunity to defend, an unjust decree has been pronounced. If this is not shown, if, on the facts apparent on the face of the petition, the court would be bound to pronounce the decree which has been rendered, it would be not only vain, but the mere protraction of litigation to vacate it. This is not the purpose or policy of the statute. It is protection against erroneous and unjust judgments, the party could have avoided if actual notice had been given him, the statute intends to afford.

Upon a careful examination of the petition, we do not find any sufficient cause shown for opening the decree and letting the petitioner in to defend on the merits. No fact is stated showing the error or injustice of the decree, or a defense on the merits, or that on another hearing the court would not be compelled to render the same decree. On the contrary, it does appear clearly that the decree is not erroneous or unjust, and is the decree which ought to have been rendered on the merits of the controversy. The causes for opening it assigned by the petitioner are reducible to two, and may be thus stated: *First*, that the offer to redeem, and the tender of money for redemption, ought to have been made to the petitioner, Collins, or to his vendor, Lloyd, and not to Conley, the purchaser at the mortgage sale. *Second*, that Conley had the equitable right to tack to the sum bid at the mortgage sale the amount he had paid as the surety of the mortgagor, Shook, and for the security of which the title deeds to the real estate had been on deposit with him; and that to this equity Lloyd, the immediate vendee of Conley, had succeeded, and it passed to Collins on his purchase from Lloyd. That this sum was a *lawful charge* on the lands, and the tender made not embracing it, but embracing only the amount bid by Conley at the mortgage sale, with ten per cent. *per annum* interest thereon, was insufficient.

It is certainly true that Conley, by his purchase at the mortgage sale, and the conveyance to him by the mortgagee, became the owner of the mortgaged premises—of all the estate the mortgagor had in them. There remained in the mortgagor, or in his judgment creditors, the mere statutory right to redeem; a right which was lost if it was not asserted within the time, and on the terms, and in the mode prescribed by the statute. *Spoor v. Phillips*, 27 Ala. 193; *Morris v. Beebe*, 54 Ala. 300. Conley had full power to sell and convey, subject only to the right of redemption in the mortgagor and his judgment creditors; and after a sale and conveyance, all his right and title would vest in his vendee or grantee.—*Camp v. Simon*, 34 Ala. 126. Redemption must be then made from the party who has acquired the title. It is that the redemption is intended to acquire, and the statute requires that it should be made from the purchaser, or *any one claiming under him*.—Code of 1876,

§ 2881. The mortgagor or the creditor coming to redeem, must, however, have notice, or information of facts sufficient to put him on inquiry, that the purchaser has divested himself of title, and who has succeeded to it, before he can be required to make the offer and tender to the alienee or grantee of the purchaser, or to any one else than the purchaser. In the absence of such notice, or of such information, it is to the purchaser only he can apply for redemption, and it is his title he proposes to acquire. It is not shown by the petition that the appellants had any notice, or the knowledge of any facts which could have put them on inquiry, that Conley had made any sale of the real estate to Lloyd. The registration of the conveyance from the mortgagor to Lloyd seems to be relied on as operating constructive notice to the appellants of Lloyd's claim and title to the premises. The registry of a deed operates as notice only of rights or claims derived from the grantor by whom the deed is executed, and not as notice of claims or rights derived from others not parties to the deed.—*Bates v. Norcross,* 14 Pick. 224; *Tilton v. Hunter,* 24 Maine, 29; *LeNeve v. LeNeve,* 2 Lead. Eq. Cases, 129. The absence of the petitioner from the State dispensed with the necessity of making to him an offer and tender to redeem before filing the bill, and an offer and tender made in the bill filed within two years, was a compliance with the statute, if it is conceded that, under the facts of the case, to him the offer and tender ought to have been made. *Trimble v. Williamson,* 49 Ala. 525.

The remaining cause assigned for opening the decree, is the right of Conley, or of his vendee, to tack as a *lawful charge* the amount he had paid as surety of the mortgagor, Shook, and for the security of which payment the title deeds had been deposited with him. A creditor claiming redemption is bound to pay not only the amount bid for the lands, but all lawful charges the purchaser, or whoever claims under him, may have on and against the premises.

Every lien, or incumbrance, or claim, for which the purchaser would be entitled to hold the lands as security, or to which a court of equity would subject them, whoever comes to redeem is bound to satisfy.—*Couthway v. Berghaus,* 25 Ala. 393; *Grigg v. Banks,* 59 Ala. 311. But it is only liens, legal or equitable, claims capable of enforcement, the creditor coming to redeem can be required to satisfy. We do not deem it necessary to enter on the inquiry, whether it is shown with certainty that there was a deposit of the title deeds under such circumstances, that according to the doctrine of the English Court of Chancery, an equitable mortgage would have been created. That doctrine we can not recognize and enforce, without departing from the letter and spirit of our legislation, without embar-

[McBryde v. Rhodes.]

rassing lands with secret trusts which would hinder their alien-ation, and opening a door for frauds on creditors. If the mort-gagor had come to redeem, the right to hold the lands as a security because of the deposit of the title deeds, could not have been asserted and maintained against him, without a violation of the statute of frauds.—*Meador v. Meador*, 3 Heisk. (Tenn.) 562; *Gothard v. Flynn*, 25 Miss. 58; *Shitz v. Dieffenbach*, 3 Penn. St. 233; *Probasco v. Johnson*, 2 Disney (Ohio), 96. The deposit being a transaction resting wholly in parol, not capable of being enforced against the mortgagor, from it there can not arise a *lawful charge* against the lands.

The decree of the chancellor must be reversed, and a decree will be here rendered, vacating the order made by the chancellor on the petition to set aside the former decree; and the appel-lees, Collins and Conley, will pay the costs of this appeal, and the costs in the court of chancery accruing since the filing of the petition. The cause will be remanded to the court of chancery for such other and further orders, if any, as may be necessary.