[Cramer & Cohen v. Watson.]

# Cramer & Cohen *v.* Watson.

*Bill in Equity by Judgment Creditor to redeem Lands sold under Power contained in Mortgage.*

1. *Right of redemption by judgment creditor at common law and under the statute distinguished.*—The common law right of a judgment creditor to redeem the lands of his debtor which are subject to mortgage, is essentially different and distinct from the right to redeem given by the statute; the common law right must be exercised before a foreclosure, while the right conferred by statute can but seldom, if ever, come into existence until the other has been barred by foreclosure.

2. *Same; can not be blended in one bill.*—If it be possible, in any case, that the two rights can co-exist, and that the creditor may have an election to exercise either, they can not be blended in one bill, though the bill be filed in a double aspect, or in the alternative; as such a bill would present inconsistent and repugnant claims to relief, the relief which could be granted in one aspect being materially variant from that which could be granted in the other.

3. *Statutory redemption of lands sold under mortgage; when tender insufficient.*—To the statutory right of a judgment creditor of a mortgagor to redeem lands sold under a power contained in the mortgage, from the purchaser at the sale, the payment of all lawful charges upon the lands which have accrued to the purchaser, is as essential as is the payment of the purchase-money and interest; and hence, a tender of the purchase-money and interest, without a tender of such charges is insufficient, and may be rejected.

4. *Same; value of permanent improvements a lawful charge.*—The statute contemplates that a purchaser of lands at mortgage sale, while in possession, and before redemption, may make permanent improvements thereon; and the value of such improvements is a lawful charge upon the lands which a judgment creditor, seeking to redeem, must pay, or offer to pay; and hence, an offer to redeem, not including the value of such improvements, is insufficient, and will not give rise to the right of redemption.

5. *Same; when debt secured by junior mortgage a lawful charge.*—Where a junior mortgagee becomes the purchaser of lands at a sale under a power contained in a prior mortgage, the debt secured by his mortgage is a lawful charge upon the lands, to the payment of which a judgment creditor seeking to redeem under the statute is bound; and hence, an offer to redeem, which does not include such debt, the amount thereof being known, is insufficient.

6. *Same; when junior mortgagee, as purchaser, not bound to account for rents and profits.*—A junior mortgagee, purchasing at such sale and taking possession under his purchase, does not stand in the relation of mortgagee in possession to a judgment creditor seeking to redeem under the statute, but he holds as purchaser, as absolute owner; and hence, the rents and profits accruing to him, while in possession, can not be applied to the extinguishment of the debt secured by his mortgage, thereby lessening the amount which the creditor would have to pay or offer to pay before he would be entitled to redeem.

7. *Same; how value of improvements determined.*—Where a claim for permanent improvements is asserted by a purchaser of lands at mort-

[Cramer & Cohen v. Watson.]

gage sale, and denied by a judgment creditor seeking to redeem, provision is made by statute for an adjustment of the matter by arbitration; and if the purchaser desires to conform to the statute, and suggests the appointment of referees, but the creditor refuses or fails to nominate a referee, on his part, as required by the statute, he must pay or tender the value of the improvements claimed by the purchaser, before he will be entitled to redeem.

APPEAL from Greene Chancery Court.

Heard pefore Hon. THOMAS COBBS.

The bill in this cause was filed on 24th December, 1880, by William L. Watson against Leopold Cramer and Julius Cohen, partners trading under the firm name of Cramer & Cohen, and E. B. Steele; and the case made thereby is substantially as follows: On 3d February, 1879, one Patton, under and in pursuance of a power of sale contained in a mortgage executed to him by the defendant Steele, and his wife, sold and conveyed to Cramer & Cohen a tract of land, situate in Greene county, particularly described in the bill, and conveyed by the mortgage, for $665, that being the amount then due on the mortgage debt; and thereupon Cramer & Cohen took possession of said land, and continued in the possession thereof to the time when the bill was filed, receiving and enjoying the rents, income and profits. At the time of their purchase, Cramer & Cohen were also creditors of Steele, and held a second or junior mortgage on said lands to secure their debt. On 3d April, 1880, the complainant recovered a judgment against Steele in the Circuit Court of Greene county, for $370.99 and costs of suit; and on 4th November, 1880, he also became the owner, by written transfer, of a judgment against Steele, rendered by said circuit court in favor of one Hawkins, on 1st April, 1880, for the sum of $225.73, and costs of suit.

On 4th December, 1880, Cramer & Cohen, on the request of the complainant, who made known his intention to redeem the lands, furnished him a statement of what they claimed would be due them on a redemption of the property by him. This statement is made an exhibit to the bill, and the items comprising it are the amount of the purchase-money, and interest thereon, amount of the value of certain houses erected by the purchasers on the lands, a balance due on the debt owing them from Steele and secured by said second mortgage, and a small amount paid for recording mortgages, the total amount claimed being $1330.57. The bill avers that said statement was incorrect, and the amount claimed was greatly in excess of what was actually due; that on 6th December, 1880, complainant, "not knowing the exact amount due said Cramer & Cohen on account of said incumbrances, tendered to them the sum of $800, which was in excess of the amount bid by them at said

[Cramer & Cohen v. Watson.]

Patton sale and ten per cent. *per annum* thereon, and the amount of their said mortgage, together with all lawful charges upon said lands;" and that they further offered to credit, and did credit said Steele on said judgments with $67, a sum at least equal to ten per cent. of the amount originally bid by them, and demanded a conveyance of said lands to him. This tender was refused by Cramer & Cohen, they demanding the amount shown by the statement which they had furnished the complainant. The rents of said lands for the years, 1878, 1879, and 1880 are averred to be of the value of $350 *per annum*; and it is claimed, in substance, that Cramer & Cohen are chargeable with said rents, and that the amount due them on redemption should be credited therewith. The bill also contains this offer : "Your orator is ready and willing to pay said Cramer & Cohen the sum necessary to the redemption of said lands by your orator as a judgment creditor of said Steele, and hereby offers to pay the same under the direction of this Honorable Court." The prayer is, that an account be taken "of the amount due Cramer & Cohen on account of their purchase of said lands, and ten per cent. *per annum* thereon, together with all lawful charges, after deducting all lawful payments made thereon, and all sums with which said Cramer & Cohen are lawfully chargeable ; that, in taking said account the register be directed to charge said Cramer & Cohen with the rents of said mortgage premises for the years, 1878, 1879, and 1880 ;" that the complainant be allowed to redeem said lands, and a conveyance be made to him, and for general relief. Answers under oath were waived.

A decree *pro confesso* was taken against E. B. Steele, and Cramer & Cohen answered. In their answer it is averred, among other things, that they took and held possession of said lands as purchasers, and were not chargeable with rents ; that the statement which they furnished complainant, referred to in the bill, was true and correct, and showed what they were entitled to receive, at the time it was made, on the redemption of said lands ; that when said statement was rendered, complainant, by his solicitor, who was acting for him, denied that the item in said statement for improvements was a lawful charge, and also denied that they were entitled to any compensation for improvements ; and that when they offered to select a referee, and asked him to select one, to ascertain the value of said improvements, he declined and refused to do so. They deny that "complainant ever paid or tendered the amount bid for said land and ten per cent. *per annum* thereon, together with all lawful charges, or that he had in any respect complied with the provisions of the law touching the redemption of lands, so as to vest the title thereof in him, or to entitle him to a con-

[Cramer & Cohen v. Watson.]

veyance from respondents, or to any relief" in said court. In their answer they also incorporated a demurrer, the principal ground of which is, "that the bill does not allege a performance of all that the statute requires of him in a proceeding to redeem, nor a valid and sufficient excuse for non-performance."

Much of the testimony introduced on the trial related to the rental value of said lands while in possession of Cramer & Cohen, and to the value of seven cabins which they caused to be erected thereon. Their evidence tended to show that these cabins were of the value of $175, while that of the complainant tended to show that their value was much less. The only tender made by complainant was the one of $800, referred to in his bill, a sum less than the purchase-money paid by Cramer & Cohen, and interest thereon, and the amount due them from Steele on the debt secured by the mortgage to them, without including the $175 for improvements, which they claimed when the complainant sought to redeem. It is also shown that the averments of the answer touching the appointment of referees to ascertain the value of the improvements, were substantially true.

On the hearing, had on pleadings and proof, and also on the demurrer, a decree was entered, overruling the demurrer, granting complainant relief, and ordering an account to be taken substantially in accordance with the prayer of complainant's bill. That decree is here made the basis of the assignments of error.

E. MORGAN, for appellants.

G. B. MOBLEY, contra.

BRICKELL, C. J.—It is a common law right of a judgment creditor to redeem the lands of his debtor which may be subject to mortgage. The right must be exercised while the mortgage is redeemable—before a foreclosure under the decree of a court of equity, or before a sale authorized by a power of sale in the mortgage, which has the effect of a decree of foreclosure. If, under a power in the mortgage, there has been a voidable sale, a sale at which the mortgagee purchased, placing himself in the situation of vendor and vendee, a court of equity will set it aside upon timely application, and let the judgment creditor in to redeem. The common law right of redemption is essentially different and distinct from the right to redeem given by the statute, which can but seldom, if ever, come into existence until the common law right has been barred by a sale under the decree of a court of equity, or under a power in the mortgage. If it be possible, in any case, that

[Cramer & Cohen v. Watson.]

the two rights can co-exist, and that the creditor may have an election to exercise either, in one bill they could not be blended, though the bill was filed in a double aspect, or in the alternative. Such a bill would present inconsistent and repugnant claims of relief, and the relief which could be granted in one aspect would be materially variant from that which could be granted in the other. A bill in equity may be filed in the alternative, or in a double aspect, when in either alternative the complainant is entitled to the same relief. It can not be based upon inconsistent, repugnant statements, each entitling the complainant to relief of a different kind and nature. *Micou v. Ashurst,* 55 Ala. 607; *Rives v. Walthall,* 38 Ala. 329.

The present bill is filed to perfect the statutory right of redemption, and to compel the appellants, purchasers at a sale under a mortgage, to convey to the appellee, a judgment creditor of the mortgagor, the title acquired at the mortgage sale. The validity of the sale is not by proper averments impeached, nor is its vacation claimed; and in this suit, without destroying the right of appellee to the specific relief prayed, it is not impeachable. If the sale be invalid, the court would not collaterally and incidentally confirm it, by decreeing a conveyance of the title acquired under it. The question, consequently, to which much of the argument of counsel is devoted, the validity of a purchase by a junior mortgagee, at a sale under a senior mortgage, or the nature and quality of the title he acquires, is not now involved, and we do not consider it. The bill is, of necessity, founded on the assumption of the validity of the sale, and the decree claimed is, that the appellee shall be clothed with the title which passed to the purchasers.

The right of redemption the appellee asserts, is derived from and dependent upon the statute, and can become perfect, capable of enforcement either at law or in equity, only upon performance of all the conditions upon which it is dependent, unless a valid excuse for non-performance is shown. The payment or tender of the purchase-money and ten per cent. *per annum* thereon, together with all the lawful charges, and the offer to credit the mortgagor upon a subsisting judgment with a sum at least equal to ten per cent. of the purchase-money, within two years from the sale, are the conditions with which a judgment creditor coming to redeem must comply.—Code of 1876, § 2881. Each of these conditions is an ingredient of the right to redeem, the one as essential as the other, and performance of no one of them can be dispensed with, unless a sufficient excuse for non-performance is shown. The payment of the lawful charges upon the lands which have accrued to the purchaser, is as essential, is as clear and distinct a right of the purchaser, and as clear and distinct a duty of the party offering

to redeem, as is the payment of the purchase-money and the statutory interest. The tender of the purchase-money and interest, withholding, or not including a tender of lawful charges, may rightfully be rejected by the purchaser. It is not the tender the statute requires him to accept, and upon acceptance to part with the title to the lands. The purchaser becomes the owner of the lands; there remains to the mortgagor, or to his judgment creditors, the mere right to redeem upon prescribed terms, within the period prescribed by the statute. It is contemplated, that as owner, while in possession, before redemption, he may make permanent improvements. If he had not the right to make them during the period of two years, the value of the lands to him would be lessened, and lessening their value for that period would tend to their sacrifice at forced sales, the evil the statute is intended to avoid. The value of such improvements is a lawful charge upon the lands, which the party coming to redeem must pay, or offer to pay. An offer to redeem, not including the value of such improvements, is not sufficient—will not give rise to the right of redemption.—*Posey v. Pressley*, 60 Ala. 243.

The offer to redeem made by the appellee did not include the payment of the mortgage debt due the appellants, nor did it include compensation for the improvements made upon the lands. The offer of payment of the mortgage debt seems to have been omitted upon the supposition, that the appellants were bound to apply the rents accruing while they were in possession to its payment, and these would operate its extinguishment. The mortgage debt due to the appellants was a lawful charge upon the lands, to the payment of which whoever came to redeem under the statute was bound. The words of the statute are "*lawful charges*," and their proper signification is "every lien, or incumbrance, or claim, the purchaser may have upon the premises, and for which, at law or in equity, he is entitled to hold the lands as security, or to the satisfaction of which a court of equity would condemn them.—*Griggs v. Banks*, 59 Ala. 311; *Couthway v. Berghaus*, 25 Ala. 393. A mortgagee in possession, under a purchase which is voidable, or before foreclosure, is bound to apply the rents and profits to the reduction of the mortgage debt. But that is not the relation in which a purchaser at a mortgage sale stands under the statute; nor can he, at the option of parties claiming redemption under the statute, be converted into that relation. He is not a mortgagee in possession, but a purchaser, the absolute owner, entitled to the rents and profits, and unimpeachable for waste.—*Spoor v. Phillips*, 27 Ala. 193; *Kannon v. Pillow*, 7 Hump. 281. It would be most inequitable to convert him into the relation of a mortgagee in possession, for there is no remedy by which he

[Cramer & Cohen v. Watson.]

can relieve himself from accountability for rents and profits, and cut off the statutory right of redemption within the period prescribed for its exercise. The appellee, if dealing fairly, if intending the honest exercise of the right the statute gave him, ought not to have satisfied himself with tendering a vague, indefinite sum, or simply the sum which would pay the purchase-money and the statutory interest. The mortgage to the appellants was not unknown to him; the amount claimed to be due thereon was communicated and not disputed. A liability or a duty to pay it, as a condition of redemption, was denied upon the ground that the rents of the premises, while in possession of the appellants, ought to be applied to its extinguishment. The rents accrued to the appellants as owners, and were not subject to the extinguishment of the purchase-money paid by them, or any lawful charge to which the land was liable.

The appellants claimed a charge of one hundred and seventy-five dollars for improvements made by them while in possession. The making of such improvements and their value were disputed by the appellee. That the value of improvements would probably become matter of dispute between the purchaser, or party in possession, and the party coming to redeem, is recognized by the statute, and provision is made for its adjustment when it occurs. Upon the purchaser, or party in possession, claiming compensation for permanent improvements, rests the duty of informing the party coming to redeem of the character and extent of the claim. If there is disagreement upon this point between the parties, each party must appoint a referee to ascertain the value of the improvements; and if the referees can not agree, they must appoint an umpire, and the award rendered is final. If the party offering to redeem declines to appoint a referee, he must pay the value of the improvements claimed by the party in possession; and if the latter declines to appoint a referee, he forfeits all right to compensation for improvements. Code of 1876, §§ 2887-8. The purpose of the statute can not be mistaken. It is intended to prevent litigation as to the value of improvements, delaying redemption, or incumbering the title of the purchaser with inchoate, imperfect claims to redeem, until it is settled by the judgment of a court of competent jurisdiction. The parties have no choice; it is not for either of them to say a reference will not be submitted to, that the value of the improvements is a matter to be determined otherwise, or left open for future litigation. When the appellants made the claim for improvements, if it was excessive, and the appellee was unwilling to pay it, he should have nominated a referee. Then, if the appellants had refused a like nomination, they would have forfeited all claim to compensation. But the appellee, when the appointment of referees was suggested, failed

[Slaughter v. Mobile County.]

to nominate, and failing, the statute declares he must pay the value of the improvements claimed by the appellants. The right to redeem is derived from the statute; it must be exercised in the mode, and upon the terms and conditions prescribed by the statute. The appellee did not comply with the statute; did not tender payment of the charges to which the land was subject, and payment of which the appellants could rightfully demand, and did not therefore acquire a right to redeem. A court of equity will intervene to compel the purchaser or party in possession to submit to redemption and to a conveyance of title, only when the party claiming it has a perfect right to redeem; a right made perfect by a compliance with the terms of the statute—all that is due from him must have been yielded or tendered, unless some sufficient excuse for the failure to yield or tender is shown.

The decree of the chancellor is reversed, and a decree here rendered, dismissing the bill at the costs of the appellee in this court and in the court of chancery.