# Raisin Fertilizer Co. v. Bell et al.

|107 261|
|107 515|

*Bill by Judgment Creditor to Redeem From Prior Mortgage.*

1. *Right of judgment creditor to redeem from prior mortgage.*—Where a mortgage is assigned, a judgment creditor of the mortgagor whose judgment is subsequent to the mortgage and has been duly recorded, and on which execution has been issued and returned "no property," may maintain a bill against the mortgagor and his assignee to redeem from the mortgage, and for a decree directing a sale of the land, and that the surplus over and above the mortgage debt be applied to the judgment.

2. *Judgment creditor of mortgagor has no lien on money paid in excess of prior mortgage debt.*—A judgment creditor with a lien on land subject to the lien of a prior mortgage has no lien on money paid by the mortgagor to the assignee of the mortgage in excess of the amount due on such mortgage.

3. *Parties to bill to redeem*—Where the assignee of a mortgage, took from the mortgagor a new mortgage on the same and other property, and afterwards assigned the latter mortgage to mortgagor's wife, such assignee was not a proper party defendant to a bill by the holder of a judgment lien which was junior to the first mortgage, against the mortgagor and his wife, to redeem from the mortgage and enforce the lien of the judgment.

APPEAL from the Chancery Court of Coffee.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed on January 22d, 1894, by the appellant, The Raisin Fertilizer Company, against the appellees, J. T. Bell, Mary J. Bell, his wife, J. C. Bell and H. L. Martin. The facts, as averred in the bill, upon which complainant seeks relief, are as follows: On February 20th, 1892, J. T. Bell and his wife, Mary J. Bell, mortgaged all their property to the Merchant's and Planters' Bank of Ozark, Ala., to secure an indebtedness due to the bank. On January 2d, 1893, H. L. Martin paid said mortgage given to the bank, and had the same transferred to him. At the same time the said H. L. Martin had executed to him by the same mortgagors another mortgage conveying the same and other property. In the fall of the year of 1893, Mary J.

Bell paid the mortgage executed to said Martin, and had the same transferred to her. On April 6th, 1892, the Raisin Fertilizer Company recovered a judgment in the circuit court of Geneva county against J. T. Bell and J. C. Bell; and on April 18th, 1892, said judgment was recorded in the office of the probate judge of Coffee county, where the property conveyed in the mortgages was situated. Execution was issued on this judgment, and returned "no property found;" and thereupon the said Raisin Fertilizer Company filed the present bill. Aside from the facts stated above, the complainant averred that by the registration of its judgment against J. T. Bell and J. C. Bell, it acquired a lien on all the property they owned at the time of said registration, or have acquired since; that "said defendant, J. T. Bell, is the owner and in possession of the property described in the two mortgages above referred to, and orator is entitled to enforce his lien in this court. Orator admits that the lien acquired by the mortgage to the Planters' and Merchant's Bank by said Bell and his wife, is superior to that of orator; but such superiority extends only to the amount due by said J. T. Bell and wife to said bank at the time of the transfer to H. L. Martin; * * * and orator hereby offers to redeem the said property conveyed by the said mortgage to the said bank, and to said Martin, and to pay such amount as may be necessary for that purpose, and in this connection offers to do and abide the decision of this court."

The bill further averred: "That after the transfer of said mortgage from the bank to H. L. Martin, the said Bell made large payments thereon, more than sufficient to satisfy the amount due the bank at the time of the transfer to the said Martin;" that the complainant was entitled to such sums of money so paid, over and above the amount due the bank; "and that said Martin should be required to account therefor."

The prayer of the bill was that the lien acquired by the complainant by the registration of its said judgment against J. T. and J. C. Bell be enforced, and the property conveyed in the two mortgages referred to be sold, and from the proceeds of said sale such amount as was due the bank be paid, and then the amount due complainant be paid; and, further, that it be referred to the

register to ascertain the amount paid by J. T. Bell to H. L. Martin, over and above the amount due to the bank at the time of the transfer of the mortgage to Martin; and that said H. L. Martin be required to account there: for.

The respondents demurred to this bill, assigning in many ways the ground that the bill contained no equity, and that complainant was not entitled to the relief prayed for. The defendant, H. L. Martin, also demurred to the bill on the ground that he was not a proper party defendant, having sold and transferred all his right, title and interest in the property involved in the controversy.

On the submission of this cause on the demurrers, the chancellor decreed that the demurrers were well taken, sustained them, and ordered the bill dismissed. The complainant appeals from this interlocutory decree, and assigns the same as error.

M. E. MILLIGAN for the appellant.—This court has recently held that, as the statute providing for the registration of judgments and the creation of lien thereby failed to provide any remedy for the enforcement of such lien, a court of equity would assume jurisdiction for the purpose. *Enslen v. Wheeler*, 98 Ala., 200. To effectuate the enforcement of this lien, it was first necessary to redeem the property conveyed by the mortgage to the bank, and to Martin, the latter having been transferred to Mrs. Bell. The equity of redemption in the property conveyed by said mortgagor, is still in John. T. Bell, and by virtue of its judgment lien, this right of redemption may be invoked and exercised by appellant.—*Wimberly v. Marbury & Co.*, 94 Ala., 240.

The mortgage now held by Mrs. Bell has never, so far as appears from the bill, been foreclosed, hence, there is no impediment to the right of appellant to redeem. That the offer to redeem is sufficient, is well settled by the following authorities: *Hartley v. Mathews*, 96 Ala., 224; *Carlin v. Jones*, 55 Ala., 624, 93 Ala., 321; 89 Ala., 493.

H. L. MARTIN for the appellees.—Bill is without equity. 78 Ala., 205; 94 Ala., 262; 89 Ala., 542. H. L. Martin was not a necessary party.—3rd Brickell, p.

[Raisin Fertilizer Co. v. Bell *et al.*]

371, sec. 51; *Enslen v. Wheeler*, 13 So. Rep., 473 ; *Sorrell v. Vance*, 14 So. Rep., 730.

HARALSON, J.—There can be no question as to the rights of the complainant, as a judgment creditor of J. T. Bell, with a return of execution, "no property found," to reach any interest he had in the property to redeem the mortgages of himself and wife to the bank and to H. L. Martin.—*Bingham v. Vandergraft*, 93 Ala., 283 ; *Cramer v. Watson*, 73 Ala., 127; *Lehman v. Collins*, 69 Ala., 127. So a bill in equity will lie for the enforcement of the lien kept alive by the record of the judgment against him, when there is any obstacle in the way of its enforcement at law, rendering it necessary to resort to equity to give the lien force and effect.—*Enslen v. Wheeler*, 98 Ala., 205; *Wimberly v. Mayberry*, 94 Ala., 240.

The facts stated in this bill are sufficient to authorize a court of equity to take jurisdiction to enforce the judgment lien against said J. T. Bell. and to clear away all obstacles to its due enforcement. The complainant has made proper offer in its bill to pay all that remains due and owing on either or both of said mortgages, if anything remains due thereon, in order that the property belonging to said judgment debtor may be sold for the satisfaction of his judgment lien, and to this relief he is entitled. It may be added, that complainant has no right to recover any sum of money that defendant Bell may have paid H. L. Martin over and above what was due on said mortgages. With this, complainant had nothing to do, and a case is not made for a lien, or the enforcement of it, on money that may have been thus paid. Its lien extends to, and is enforceable on the property embraced in said mortgages, which may belong to said J. T. Bell.

The bill alleges, "that in the Fall of 1893, Mrs. Mary J. Bell (who is a party defendant), took up said mortgage to H. L. Martin, by paying the indebtedness of herself and J. T. Bell (another defendant), and had said mortgage from said Martin transferred to her." According to this allegation, Martin has no interest in this litigation, and is not a necessary or even a proper party. Story Eq. Pl., §§ 189, 237; 3 Brick. Dig., p. 371, § 51;

[National Bank of the Republic v. Dickinson.]

*Wilkinson v. May*, 69 Ala., 34; *Prout v. Hoge*, 57 Ala., 28.

There was no error in sustaining a demurrer of said Martin to the bill; but the demurrer of the other defendants should have been overruled.

The interest of said J. T. Bell and his wife in the property mortgaged, should of course be ascertained, as it is only on J. T. Bell's property that complainant has a judgment lien to be enforced.

Reversed and remanded.