(130 So. 222)

## SNEAD v. DOOLEY et al.
### 8 Div. 42.

Supreme Court of Alabama.
Oct. 9, 1930.

Street, Bradford & Street, of Guntersville,
for appellant.

FOSTER, J.

On August 18, 1918, one Dooley executed a
mortgage to one Leeth, embracing several
tracts of land. On December 13, 1920, Dooley
executed another mortgage to complainant on
all the same land. Prior to the Leeth mort-
gage, Dooley had given a mortgage to one
Morton on a part of the land and to one Hors-
ley on another part. Neither of the latter
mortgages include what is claimed as a
homestead.

The Leeth mortgage was foreclosed under
the power of sale, and complainant became
the purchaser on April 3, 1922. On that
date complainant also acquired by assign-
ment the Morton and Horsley mortgages.

Dooley claims that the Leeth mortgage was void as to a part of the land, 135 acres claimed as a homestead, because his wife was insane and did not and could not sign and separately acknowledge it.

It is not quite clear to us whether the final decree adjudged that the land claimed as a homestead was such when the Leeth mortgage was executed, though it is clear that it adjudged that it had been abandoned as such and was not his homestead when the mortgage was executed to complainant December 13, 1920. But upon an examination of the evidence we think it shows that the abandonment of the homestead referred to in the decree did in fact occur prior to the execution of the Leeth mortgage, and it was not his homestead at that time nor when complainant's mortgage was executed. We will therefore pretermit inquiry as to its value, and the sufficiency of its claim as such.

■ We think that the law is very well understood in Alabama now to be that when a senior mortgage is foreclosed, and the junior mortgagee becomes the purchaser at the sale, all equity of redemption by the mortgagor is thereby foreclosed, and the right of the mortgagor is only under the statute, unless, of course his rights are preserved by a valid agreement. When the mortgagor undertakes to redeem, under the statute, the debt due on the second mortgage is a lawful charge and must be paid as an incident of the right secured by the statute. Cramer v. Watson, 73 Ala. 127; Wootten v. Vaughn, 202 Ala. 684, 81 So. 660. As pointed out in those cases, when a second mortgagee buys at the foreclosure sale of the first mortgage, the purchaser, though a second mortgagee, thereafter holds as a purchaser at foreclosure sale, and not as second mortgagee. So, when a second mortgagee exercises the statutory right of redemption under a sale in foreclosure of the first mortgage, he acquires an indefeasible title free from all rights of redemption, statutory or equitable, except as now changed by section 10142, Code. His redemption did not prior to the statute inure to the benefit of the mortgagor in any sense. Francis v. Sheats, 153 Ala. 468, 45 So. 241, 127 Am. St. Rep. 61; Allison v. Cody, 206 Ala. 88, 89 So. 238. But now under section 10142, Code, the right to redeem from him is created in favor of the persons there named.

■ In view of the admittedly valid foreclosure of the Leeth mortgage, at the sale of which complainant became the purchaser, there was left in Dooley only the statutory right of redemption in the absence of a valid agreement extending that right. He had thereafter no equity of redemptiton in respect to any of the mortgages, and therefore there was no occasion to decree the foreclosure of the mortgage to complainant as was done, nor that of the Morton and Horsley mortgages.

As complainant acquired them also, the amount of the mortgage debt secured by each also became a lawful charge, in event of an exercise of the statutory right of redemption.

But there was no exercise of such right sought or decreed. But there was a crossbill in which Dooley claimed in effect that prior to the foreclosure sale of the Leeth mortgage complainant agreed to advance Dooley the money at 8 per cent. per annum interest, and to purchase the property and the Morton and Horsley mortgages, and allow Dooley to occupy the land, and pay on the debt the net proceeds realized from the cultivation and rent of the land. Complainant contends that the agreement was that if Dooley should redeem the land in two years under the statute he would only charge eight per cent. interest, and allow him credit for any rents he might have paid.

■ In order that a verbal agreement of the nature claimed by Dooley shall be effective, it must be in such form and effect as to create an equitable mortgage, or a resulting trust in the nature of such a mortgage. This court has several times recently reviewed the principles of law which control such a situation. O'Rear v. O'Rear, 219 Ala. 419, 122 So. 645; Id., 220 Ala. 85, 123 So. 895; Pollak v. Millsap, 219 Ala. 273, 122 So. 16, 65 A. L. R. 110; Moss v. Winston, 218 Ala. 364, 118 So. 739.

■ In order that there shall be such an equitable mortgage, there must be a loan of money made, with the mutual agreement that the title of the land is taken in the lender as security for the debt, continuous and binding in its full sense as a definite obligation to pay a sum certain—not a mere privilege or option to be exercised by the land owner as he might choose.

■ Upon such issue, the burden is upon him who asserts the existence of the agreement to establish it to the reasonable satisfaction of the court by a preponderance of the evidence. The testimony was all taken by deposition, and not given in the presence of the presiding judge. There is therefore no presumption favoring the conclusion of that court. Section 10276, Code.

■ Our judgment from the evidence is that cross-complainants have not sustained the burden thus imposed upon them. On the other hand, the testimony of complainant is corroborated by that of his attorney and by a memorandum of the agreement made by the attorney when the parties called upon him, and recited its nature to him, and requested the formal draft of an agreement for their execution. This was never carried out, and no written agreement executed. There being no sufficient effort to exercise the statutory right of redemption and the time for doing so having now expired, our

conclusion is, that complainant has an indefeasible title to all the property described in the complaint, free from all the claims of the widow, heirs, and personal representatives of L. P. Dooley, now deceased.

It is therefore ordered that the decree of the circuit court be reversed and one here rendered to the effect thus declared, and the cause remanded so that the circuit court may require an accounting by the receiver.

Reversed, rendered, and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.