67 So.2d 834

**FONDE v. LINS.**

**I Div. 502.**

Supreme Court of Alabama.

Oct. 29, 1953.

Henry B. Fonde, pro se.

D. P. Moore, Mobile, for appellee.

GOODWYN, Justice.

The decisive question presented on this appeal is whether a mortgagor's statutory right of redemption of real estate, as given by Code 1940, Tit. 7, § 727 et seq., is cut off or denied to him when the purchaser at the foreclosure sale under the first mortgage is, at the time of such sale, the holder of a second mortgage on the property. Such is the position taken by appellant. The facts are these: On June 23, 1949, the appellee, complainant below, executed a first mortgage on certain real estate in Mobile County to Home Realty Company, Inc., and on the same day executed a second mortgage on said property to one Bryant. On July 12, 1949, the first mortgage was assigned to one Marshall. On August 4, 1951, the second mortgage was assigned to one McAleer. On August 6, 1951, the first mortgage was duly foreclosed. McAleer, the holder of the second mortgage, became the purchaser at the foreclosure sale. On August 20, 1951, McAleer conveyed the property to appellant, respondent below, and, on the same day, transferred and assigned the second mortgage on the property, together with the note evidencing the mortgage debt, to appellant. On December 15, 1951, appellee sought to redeem from appellant. Redemption being refused, appellee, on January 4, 1952, filed the bill of complaint, here involved, to redeem from appellant. Appellant demurred to the bill, the principal point taken being that appellee, the mortgagor, is not shown to be a person having a right to redeem. The trial court rendered a decree overruling the demurrer. This appeal is from that decree.

Appellant's insistence is thus stated in his brief: "When a second mortgagee buys at the foreclosure sale under the first mortgage he exercises the statutory right of redemption under a sale in foreclosure of the first mortgage." As we understand it, this is to say that if a second mortgagee is the purchaser at the foreclosure sale under the first mortgage, he thereby makes the redemption authorized by the statute, Sec. 727 et seq., Tit. 7, with the result that the mortgagor, although given the first right to redeem "within twelve months from the day of sale", Secs. 727, 728, Tit. 7, is effectively barred from exercising that right. Clearly, this is not the law in Alabama. We are dealing here with the statutory right of redemption and such right "can only be exercised by those described in the statute, and in the mode and manner prescribed by the statute." Upchurch v. West, 234 Ala. 604, 608, 176 So. 186, 189. Sec. 727, Tit. 7, supra, gives the right of redemption to "the debtor, junior mortgagee, vendee of the debtor, or assignee of the equity or statutory right of redemption, wife, widow, child, heir at law, devisee, or any vendee or assignee of the right of redemption under this Code, from the purchaser, or his vendee, within two years thereafter in the manner provided in this chapter." Sec. 728, Tit 7, provides that "the priority of the rights of the several persons or parties mentioned in the preceding section, to redeem, shall be in the order in which they are mentioned therein; * * *." And we have held that a mortgagor is a "debtor", as that term is used in Sec. 727. Upchurch v. West, supra. We find no statute indicating in any way that a junior mortgagee can, simply by the de-

vice of purchasing the mortgaged property at the foreclosure sale under a superior mortgage, abrogate the mortgagor's right, given by statute, to redeem from the purchaser at such sale. Of course, if the purchaser is also the holder of a second mortgage on the property, the debt due thereon is a lawful charge and must be paid by the mortgagor when he redeems. Code 1940, Tit. 7, Sec. 732; Snead v. Dooley, 221 Ala. 598, 599, 130 So. 222; Cramer & Cohen v. Watson, 73 Ala. 127, 132.

We find nothing in Snead v. Dooley, supra, relied on by appellant, which is supportive of his position.

 The only other point which might need mentioning is the objection to the bill, raised by demurrer, that it seeks the "annulling and voiding" of both mortgages. In this respect, the prayer is as follows: "That on a final hearing of the cause, a decree be rendered by the court annulling and voiding said mortgages and restoring the full legal title in your complainant on her making payment to the respondent of the amount so ascertained by the court as proper for said redemption from said mortgages." While we might agree that the "annulling and voiding" of the mortgages is not appropriate, the prayer for relief is otherwise appropriate in seeking "a decree * * * restoring the full legal title" in the complainant. Hudson v. Morton, 231 Ala. 392, 394, 165 So. 227; Morrison v. Formby, 191 Ala. 104, 106, 67 So. 668. In such situation, the bill is not demurrable. As stated in Smith-Howard Gin Co. v. Ogletree, 251 Ala. 366, 373, 37 So.2d 507, 513:

"It is a well settled rule of equity pleading that when a bill is sufficient in its allegation of facts to make a case for equitable relief and contains a proper prayer, it is not demurrable because it prays for unwarranted relief."

In Walshe v. Dwight Mfg. Co., 178 Ala. 310, 315, 59 So. 630, 631, the rule is stated as follows:

"A bill, stating equities which entitle the complainant to relief and praying for proper relief, is not demurrable for the reason that a prayer for further, but unwarranted, relief is conjoined."

The decree overruling the demurrer is due to be, and is, affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and CLAYTON, JJ., concur.