# Lehman, Durr & Co. *v.* Moore.

*Bill in Equity for Redemption of Lands sold under Mortgage.*

1. *Statutory right of redemption by assignee.*—Under the statutory provisions which were of force on the 1st January, 1888 (Code, §§ 1879–91), as construed by this court (84 Ala. 289, 295, 298), the right to redeem lands sold under a mortgage was not conferred on an assignee of the equity of redemption, or purchaser from the mortgagor; and the statute approved February 27, 1889, extending the right to such assignees (Sess. Acts 1888–9, p. 764), does not apply to mortgages executed before that day, although the sale was made afterwards.

2. *Redemption by one partner, or tenant in common.*—When land is sold under a mortgage executed by two partners, or by two tenants in common, either one of them may exercise the statutory right of redemption; but he must redeem the entire property or interest sold, and not his own undivided interest only.

3. *Tender before bill filed, or excuse for not making.*—A bill to enforce the statutory right of redemption must allege a valid tender before suit brought, or aver facts which constitute a sufficient excuse for the failure to make it; and an averment of ignorance on complainant's part of the amount to be tendered, or the persons to whom the tender ought to be made, is not sufficient, when coupled with other averments which show that these facts could have been ascertained by the exercise of reasonable diligence, and that the complainant's ignorance is the result of his own *laches*.

[Lehman, Durr & Co. v. Moore.]

APPEAL from the City Court of Montgomery, in equity.
Heard before the Hon. THOS. M. ARRINGTON.

The bill in this case was filed on the 6th June, 1890, by John W. Moore, against R. J. Chambers, Wm. L. Chambers, O. O. Nelson, and Lehman, Durr & Co., a mercantile partnership doing business in the city of Montgomery; and sought to redeem certain real estate in Montgomery, which had been sold under a power contained in a mortgage executed by complainant and said R. J. Chambers, who were at the time engaged in business in Montgomery under the partnership name of Chambers & Moore, and had bought the property for partnership purposes and with partnership funds. The mortgage was dated January 1st, 1888, and contained a power of sale on default in the payment of the secured debt; and the property was sold under this power, on the 21st March, 1890, by S. Roman, to whom the mortgage had been transferred. O. O. Nelson and W. L. Chambers became the purchasers at the sale, and they afterwards conveyed it by mortgage to said Lehman, Durr & Co., giving them also an option to buy it, and leasing it to them for a term of years. The partnership of Chambers & Moore was dissolved in March, 1888, and a division was made of the partnership property and assets; and the bill alleged that Chambers had received his share on the division, and agreed to convey his interest in the property to complainant, but had failed and refused to do so. The complainant alleged that he had not made a tender of the money necessary to perfect the right of redemption, but offered to pay the money into court as soon as the proper amount and the person to whom it should be tendered were determined by the court. The opinion states the facts relied on as excusing the failure to make a tender.

The defendants filed a joint and several demurrer to the bill, assigning eight special grounds of demurrer; and the overruling of each separate ground is now assigned as error.

TOMPKINS & TROY, for appellants.—(1.) Under the law which was in force on the 1st January, 1888, when the mortgage of Chambers & Moore was executed, the right of redemption was not given to an assignee of the equity of redemption. *Powers v. Andrews*, 84 Ala. 289; *Aiken v. Bridgeford*, 84 Ala. 295; *Commercial Asso. v. Parker*, 84 Ala. 298; *Walden v. Speigner*, 87 Ala. 379. That law must determine the rights of the parties in this case, without regard to the statute since enacted.—*Bronson v. Kinzie*, 1 How. 311; *Howard v. Bugbee*, 24 How. 461; 1 Wall. 175; 16 Wall. 678; 101 U. S. 686. (2.) Complainant having acquired no available rights under his

[Lehman, Durr & Co. v. Moore.]

equitable assignment from Chambers, he stands only as a tenant in common seeking to redeem lands which have been sold under legal process against him and his co-tenant, or under a mortgage executed by both of them. The statute confers no such right, nor does it provide for a partial redemption.—Freeman on Co-tenancy, 460–61, note; 19 Johns. 379; 68 Ill. 78; 6 Hill, 149. (3.) The bill is without equity, because it shows that no tender was made before it was filed, and the facts stated constitute no excuse for the failure to make it.—*Spoor v. Phillips*, 27 Ala. 193; *Camp v. Simon*, 34 Ala. 126: *Stocks v. Young*, 67 Ala. 341; *Cramer v. Watson*, 73 Ala. 127; *Hill v. Walker*, 98 Amer. Dec. 465; *Carey v. Gregory*, 56 Am. Dec. 581; 100 *Ib.* 133.

LESTER C. SMITH, *contra.*—(1.) The complainant was a *debtor* within the words of the statute, and therefore entitled to redeem, without regard to any equitable assignment by Chambers; and he was entitled to redeem the entire interest which was sold under the mortgage.—Code, § 1879; 3 Pom. Equity, § 1220; 2 Jones Mortgages, §§ 1070–72. If there had been no dissolution of the partnership, either partner could have redeemed the whole property for the benefit of the firm, to be held subject to the equities of the partners *inter sese*. *Gentry v. Gentry*, 60 Amer. Dec. 137; 2 Jones Mortgages, § 1055; 3 Pom. Equity, § 1220. (2.) The sale under the mortgage was made after the passage of the act of February 27th, 1889, which extended the right of redemption to assignees or purchasers; and for this reason the cases reported in 84 Ala. do not apply. Besides, the assignment here is equitable merely, and can only be enforced in a court of equity; and hence the necessity of bringing in R. J. Chambers as a party. (3.) The bill alleges facts which show a valid excuse for the failure to make a tender.—*Aycock v. Adler*, 87 Ala. 190.

McCLELLAN, J.—The mortgage, from a sale under which the present bill seeks to assert the statutory right of redemption, was executed January 1, 1888. Under then existing statutes—Code, §§ 1879–91—it was the settled doctrine of this court, that the right could not be exercised by, or rather did not exist in favor of, an assignee or grantee of the equity of redemption.—*Powers v. Andrews*, 84 Ala. 289; *Aiken v. Bridgeford*, *Ib.* 295; *Commercial Association v. Parker*, *Ib.* 298. And the right as then defined, by the statute and this judicial construction of it, could not be enlarged, or extended to persons not entitled to it when the mortgage was executed, by subsequent legislation. Hence it is that the

[Lehman, Durr & Co. v. Moore.]

complainant can not call to his aid the provisions of the act of February 27, 1889 ( Acts 1888–9, p. 764), conferring this right on grantees of the equity of redemption, but must stand in this case as if there had been no grant or assignment to him of the interest of his partner, Chambers, in the land now sought to be redeemed.—2 Jones on Mortgages, § 1051; *Bronson v. Kinzie,* 1 How. 311; *Howard v. Bugbee,* 24 How. 461, reversing *Bugbee v. Howard,* 32 Ala. 713. So far, therefore, as it is sought to rest complainant's right to redeem on the alleged dissolution of the partnership between him and Chambers, to which, or rather to the members of which, the land belonged, and the parol division of its property between them, whereby complainant was to have the equity of redemption in this land, it can not be supported.

With this consideration eliminated, we have the case of an effort by one who, with another, held and mortgaged the land as a tenant in common, to redeem the entire land and all interests in it from the purchasers at foreclosure sale for his sole benefit, the prayer being that title *in solido* be vested in him; and to this end Chambers, as well as those claiming under or through the foreclosure, is made a party defendant to the bill. We know of no adjudication or text directly bearing upon the right of one tenant in common, or of one partner, if the land may, in equity, be considered partnership property, to redeem from such purchaser. We are, however, of opinion that, in this case, either of the mortgagors may exercise this statutory right. Each of them is manifestly a debtor, and so fills that term of the statute. Each of them is as much within the spirit and purpose of the law with respect to an one-half. undivided interest, as if he alone was concerned in the premises. Each of them is as much entitled, abstractly speaking, to recover that interest, as if his right to do so were not apparently clogged by a like interest in the other. Yet neither can recover only the interest to which he is ultimately entitled, because the purchaser has a right to insist upon payment of the whole amount bid by him, with interest and charges, and it would be an anomaly, which the law does not contemplate, and will not tolerate, to require him to make the purchaser whole in respect of all he has expended, and the interest on his outlay, in consideration of the land, and at the same time leave half that consideration in his hands; and because, further, the statute itself provides for and requires the redemption of whatever interest passed by the foreclosure sale. In this case, that interest was the entire fee. The complainant is a debtor within the statute, as we have said. He therefore has a right to redeem. The thing, and the only

[Lehman, Durr & Co. v. Moore.]

thing, subject to redemption is the interest which thus passed. He, it therefore follows, has a right to redeem the entire fee. Any other conclusion would not only offend the manifest spirit of the statute, but do violence to its letter.

But the effect of such redemption is not to vest an absolute, indefeasible title in severalty in the redemptioner. It is for the benefit of himself, and, upon certain conditions, of his co-tenant. It leaves in the latter a right to rehabilitate his own title to a one-half undivided interest, by contributing a moiety of the sum paid for redemption, with interest and lawful charges, on the same principles as obtain with respect to the exercise of the right of redemption before foreclosure under like circumstances. Whether the co-tenant has assigned his original equity of redemption to the complainant, so that he could not insist upon his right to contribute, and thereby be reinvested with title to an undivided interest in the land, is a question which could only arise when he takes steps to that end. The present bill is bad, in our opinion, in that it seeks to have that issue determined in advance of any election on the part of Chambers to assert any such right, and in the absence of any effort on his part in that behalf; and this, too, when the real contest is with parties claiming under the foreclosure sale, who are in nowise concerned in the settlement between complainant and Chambers. There is, however, no assignment of demurrer which goes to this infirmity. The action of the chancellor in overruling the 3d, 4th, 7th and 8th assignments of demurrer, is in consonance with the view above expressed, and free from error.

The second, fifth, and sixth assignments of demurrer are addressed to, and challenge, the sufficiency of the facts alleged in that regard to excuse complainant's failure to make the tender required by section 1881 of the Code before invoking the aid of the Chancery Court. These assignments were, in our opinion, well laid, and should have been sustained. The statute, our decisions under it, and every reason obtaining in the premises, conspire to the requirement that a tender shall, in all cases where it is practicable, be made before the party from whom redemption is sought is put in such default as will justify his being subjected to the trouble, annoyance, costs and expenses of litigation; the theory being that he is entitled, as of absolute right, in the first instance to be afforded an opportunity to avoid all this by doing what the law presumes he will do in all cases where redemption may be ultimately compelled by suit, and allow redemption without a resort to the courts.—*Spoor v. Phillips*, 27 Ala. 193; *Camp v. Simon*, 34 Ala. 126; *Stocks v. Young*,

[Lehman, Durr & Co. v. Moore.]

67 Ala. 341; *Carlin v. Jones*, 55 Ala. 624; *Cramer v. Watson*, 73 Ala. 127.

The facts put forward in this case, as going to excuse complainant's failure to make a tender, are of three classes: *First*, it is alleged that the foreclosure sale was made at Greenville; that the purchaser's deed thereunder has not been put on record, and hence complainant did not know the price paid, and could not therefore know the amount to be tendered. It is, in the second place, averred that, soon after this sale, the purchasers thereat mortgaged the land to Lehman, Durr & Co., also leased it to them, and also gave the firm an option to purchase the same; that complainant did not know whether this option had been exercised by Lehman, Durr & Co., and for this reason, as well as because of said mortgage, he did not know to whom a tender should be made. It appeared that Nelson, one of the two purchasers, resided in Montgomery, where complainant also resided; that W. L. Chambers, the other purchaser, resided in Alabama, though not in Montgomery; and that the firm of Lehman, Durr & Co. did business in Montgomery, and some members of it resided there, but that two of that firm lived in New York city; and these facts as to the places of residence of the parties are relied on as a third reason, justifying the failure to make a tender.

The gist of the first two excuses alleged is a want of knowledge on the part of the complainant. Yet he avers facts demonstrating that all necessary information as to the amount to be tendered, and as to the persons to whom the tender should be made, was in the possession of persons living in the same town with him, and he fails to aver any effort on his part to gain this information. Not only so, but there was a duty resting on these persons to impart this information to him, and the presumption is that they would have done so. Had he applied to Nelson, *non constat* but that he would have had no difficulty in being advised of the sum paid by him and Chambers at the foreclosure sale, and also whether Lehman, Durr & Co. had exercised their option to purchase the land from him and Chambers, and thus have known whether to make the tender to Nelson and Chambers, or to Lehman, Durr & Co. It is to be presumed also that Roman, who foreclosed the mortgage, would have informed him of the sum paid at foreclosure sale, and that Lehman, Durr & Co. would have advised him whether they had purchased under their option. He knew quite enough, as his bill demonstrates, to put him on inquiry, and point out to him the sources of information as to every fact necessary to enable him to make an adequate tender; and we can not doubt but that it was his duty, and

[McGhee v. Importers & Traders National Bank.]

essential to the sufficiency of the excuse for failing to make tender, to have prosecuted the inquiry, and sought the information from these sources.—*Lehman, Durr & Co. v. Collins*, 69 Ala. 127. He made no inquiry, and now relies upon ignorance which is the result of his own palpable *laches* to justify his failure to afford the defendants an opportunity to avoid this litigation by doing of their own motion that to which he now seeks to coerce them. The excuse predicated on the facts that the purchasers lived at different places in the State, is equally unsufficient. It is to be assumed that, had an effort been made to that end, they could have been gotten together either in person, or by representation, and no such effort is alleged. Nor, assuming that Lehman, Durr & Co. were the persons to whom the tender should have been made, is the fact that certain members of that firm were non-residents, any reason why a valid tender could not have been made to the firm through its resident members. The excuses averred are wholly insufficient, and the decree of the City Court in equity, overruling the demurrers addressed to this infirmity of the bill, must be reversed. A decree will be here entered sustaining those grounds of demurrer, allowing thirty days for amendment of the bill in this regard, and remanding the cause.

Reversed and remanded.

CLOPTON, J., not sitting.