[No. 2941.  Decided May 27, 1898.]

THE STATE OF WASHINGTON, *on the Relation of C. P. Twiss et ux., Respondents*, v. E. F. CARPENTER, *as Sheriff of Lewis County, Washington*, AND JOHN MILES, *Appellants*.

FORECLOSURE — SALE BY PARCELS — REDEMPTION.

Where mortgaged premises have been sold by the sheriff, on foreclosure in parcels, and the sale has been confirmed by the court, the mortgagee is entitled to redeem any parcel so sold separately by tendering the amount for which it was sold, together with interest on same and taxes and costs chargeable against said tract, under the provisions of Code Proc., § 504 (Bal. Code, § 5288), authorizing the sheriff to sell lots and parcels separately or together, as he shall deem most advantageous, and of § 512, allowing redemption of property sold subject to redemption, "or any part thereof separately sold."

Appeal from Superior Court, Lewis County.—Hon. H. S. Elliott, Judge. Affirmed.

*Reynolds & Stewart*, for appellants.
*Charles P. Twiss*, for respondents.

The opinion of the court was delivered by

GORDON, J.—On June 2, 1897, the superior court of Lewis county entered a decree foreclosing a mortgage executed by the respondents to the appellant Miles upon the S. ½ of the S. E. ¼ of sec. 26, and the S. ½ of the S. W. ¼ of sec. 25, Tp. 13 N., of R. 1 W., in Lewis county. On July 10, 1897, the mortgaged premises were sold to satisfy the mortgage debt, which then amounted to $1,210.75 and costs. The decree contained no specific direction as to the manner in which the premises should be sold, and they were sold in four separate parcels. Two of the tracts so sold, to-wit: the S. W. ¼ of the S. E. ¼ of sec. 26 and the S. E. ¼ of the S. E. ¼ of sec. 26, were sold at $10.60 per acre. The two remaining tracts were sold at $6.61 per acre, the entire premises bringing $1,376.80, and the appellant Miles (who was the mortgagee) became the purchaser at the sale. Thereafter and within the time permitted by law in which to redeem from the sale, the respondents gave notice of their intention to redeem one of the tracts so sold, viz., the S. W. ¼ of the S. E. ¼ of sec. 26, and pursuant to said notice offered to pay the appellants the amount for which said tract was sold, together with interest, taxes and costs chargeable against said tract, and demanded a certificate of redemption, which was declined by appellants for the alleged reason that respondents were not entitled to redeem without paying the entire purchase price bid by Miles for the entire mortgaged premises. Thereupon respondents instituted this proceeding in the superior court to compel the execution of a redemption certificate for the tract of land so sold. Appellants' demurrer to the petition having been overruled, an answer was interposed which, in addition to what has already been stated, set forth that the property mortgaged comprised one farm that had always

been used and operated as such; that at the foreclosure sale appellant Miles purchased the whole of said lands at the prices heretofore stated in order to protect and secure himself; that the tract of land which respondents are seeking to redeem has more improvements and buildings upon it than any of the other tracts and, if separated from the remainder, would destroy the value of the remaining parts and make them worthless and unsalable for any price sufficient to pay the balance due. The court sustained respondents' demurrer to the answer, and, they having elected to stand upon it and declining to plead further, judgment was rendered awarding a peremptory writ and for costs, and the case is here on appeal therefrom.

It will be seen that the case presents a single question for decision, viz., are the respondents entitled to redeem one of the forty acre tracts at the price paid therefor at the mortgage sale, with interest, taxes and costs added, without paying the amount which was realized from the sale of the entire mortgaged premises? We think the statute in effect at the time of the judgment and sale requires the question to be answered in the affirmative. Section 504, 2 Hill's Code (Bal. Code, § 5288), authorizes the sheriff to sell "the lots and parcels separately or together, as he shall deem most advantageous," and requires that all land except town lots shall be sold by the acre. We agree with respondents that the sheriff must be presumed to have acted in good faith and that the mortgaged premises in this case were sold in parcels because it was considered most advantageous to do so. If, as alleged in appellant's answer and return, the different legal subdivisions comprising the mortgaged premises are so connected as to have made it desirable that they should be sold together, the showing could have been made to the court and the decree entered accordingly. But, as already

stated, the decree contained no specific directions as to the method of sale. Not only that, but the sale as made was confirmed by the court upon plaintiff's own motion, and this is conclusive, we think, as to the propriety of the action of the sheriff in selling the land by parcels. The statute gave to the respondents a year from the date of sale in which to redeem, and § 512, 2 Hill's Code, provides that property sold subject to redemption, " *or any part thereof separately sold,* may be redeemed," etc. This statute does not limit the right of redemption to the entire premises sold but extends it to each tract separately sold, where the sale has been by parcels, otherwise what could be the meaning of the words, " or any part thereof separately sold?" Let us suppose that at the sale the separate parcels were purchased by different bidders. Could it be successfully contended that the purchaser of one of the tracts would have the right to defeat redemption as to that tract unless, in addition to the amount which he paid therefor, the amounts paid by the purchasers of the other tracts were also tendered? What possible interest could he have in the other tracts or in the money paid for their purchase? And what difference can there be under the law between a case where one party purchases several parcels and one where the separate parcels are sold to different purchasers? We think there is no difference and that the right to redeem and the terms upon which the right may be exercised are the same in either case. Appellants' counsel have cited numerous authorities in support of the general proposition that " a mortgage is an entire thing and must be redeemed entire and that the mortgagee cannot be compelled to divide his debt and security." But we think counsel fail to observe the distinction between redemption from a mortgage and redemption from a foreclosure sale. There is, however, a

well recognized distinction.    In Jones on Mortgages, § 1070, it is said:

"Redemption from a foreclosure sale within the time allowed by statute in several states may be made by paying the purchaser the amount of his bid with interest. . . . *Such a redemption is not a redemption from the mortgage, but a redemption from the sale, and is a statutory right.*"

See, also, *Tuttle v. Dewey,* 44 Iowa, 306.

Without attempting to analyze the decisions cited by appellants' counsel, we deem it sufficient to say that all or nearly all of them are cases where the redemption attempted was from the mortgage—as distinguished from the foreclosure sale—or where redemption was attempted by a part owner of mortgaged premises for a sum less than the full amount of the mortgage.    With these authorities we do not disagree.    They are not applicable to the present case.    But aside from any question as to what the law may be elsewhere, the rule in this state is settled by the plain terms of the statute, which has given the mortgagor an absolute right to redeem any parcel of land from a foreclosure sale by repaying the amount bid for such property at such sale, together with interest, costs and taxes.    We can see no injustice in permitting it to be done. It is calculated to insure a fair price being obtained at the sale.    It enables rival bidders to deal upon terms of equality.    The appellant obtains the remaining tracts at the prices which he bid therefor.    It can no more be said that he paid too much for them than that he paid too little for the one redeemed.    Presumably he purchased the separate parcels with full knowledge as to their relation to each other and the relative value of each, and he must abide the consequences of his voluntary act.

The judgment of the superior court is affirmed.

DUNBAR and REAVIS, JJ., concur.