16 So.2d 703

## MAY v. BEDSOLE.
### 1 Div. 204.

Supreme Court of Alabama.

Dec. 16, 1943.

Rehearing Denied March 2, 1944.

C. L. Hybart and J. D. Ratcliffe, both of Monroeville, for appellant.

Adams & Gillmore, of Grove Hill, for appellee.

BOULDIN, Justice.

The appeal is from a decree sustaining a demurrer to a bill for want of equity.

The bill to which demurrer was addressed is a bill of review for error apparent on the face of the record. It seeks to reverse and vacate certain features of a decree in a former suit in equity between the same parties.

The nature and scope of a bill of review for error apparent, the matters of record to be presented and considered, as distinguished from matters to be considered on appeal, and the presumptions to be indulged, were fully and clearly treated in McCall v. McCurdy, 69 Ala. 65, and have been frequently restated and applied in later cases. See Barrow v. Lindsey, 230 Ala. 45, 159 So. 232; Alexander v. Alexander, 227 Ala. 322, 150 So. 142. They need not be restated here.

The bill of review challenges the former decree of date August 22, 1940, in so far as such former decree dealt with the title and ownership of standing timber on a tract of land in Clarke County, known in the record as the Federal Land Bank Lands.

The controlling facts disclosed by the record in the former suit may be reduced to a very brief statement.

In 1920, appellant, R. L. May, owned the land involved. On January 3, 1920, he conveyed to Patterson & Eddy Lumber Company "all the timber, standing, growing and being, and all the down timber" on such lands, with a right to cut and remove for seven years. The time for removal was later extended. Mr. May repurchased the timber thus conveyed, and owned the same when the decree in question was rendered. That decree recognized his right to such timber still standing and decreed a right

of removal. On October 15, 1921, Mr. May executed to Federal Land Bank of New Orleans a mortgage upon this tract of land. As part of the description in the mortgage were the words "except the timber." This was followed by full covenants of warranty. On August 16, 1932, the Federal Land Bank foreclosed its mortgage and became the purchaser at foreclosure sale. The foreclosure proceeding and deed were not made exhibits to the pleadings or otherwise a part of the record, so that its exact terms may be construed, but the bill of complaint in that cause alleged: "On to-wit: The 16th day of August, 1932, said mortgage was foreclosed by the Federal Land Bank of New Orleans, and the lands last above described, except the timber thereon, were sold at foreclosure sale and purchased by the Federal Land Bank of New Orleans."

From this and other averments in the bill, admitted in the answer, we take it the notice of sale and foreclosure deed followed the terms of the mortgage, inserting "except the timber" as a limitation upon the estate conveyed by the mortgage and being sold at foreclosure.

Mrs. Bedsole, appellee, succeeded to the title of the Federal Land Bank through a conveyance containing a like exception of the timber.

The final decree on pleadings and proof in the former suit, now under attack for error of law apparent, was to the following effect:

1. The timber deed of 1920 conveyed only the timber then on the lands of merchantable quality as known in the logging and lumber business at the time. All small or new growth thereafter becoming merchantable quality remained the property of the owner of the lands, Mr. May, or his grantee or mortgagee. Both parties concur in this holding, and it needs no further treatment.

2. The decree now challenged held all this new growth was conveyed by Mr. May in his mortgage to the Federal Land Bank, and passed by foreclosure and subsequent muniments of title to Mrs. Bedsole.

This holding was obviously sound if the clause "except the timber" written into the mortgage meant no more than to exclude the timber theretofore sold from the coverage of the mortgage, and limit the estate granted in the mortgage to the morgagor's title and ownership at the time the mortgage was executed.

Appellant insists this holding was error apparent as matter of law. His view is that the words "except the timber" can, as matter of law, mean no other than to except from the mortgage all the merchantable timber on the land at the date of the mortgage; that, therefore, all the young trees which had grown into merchantable timber during the nineteen months intervening between the date of the timber deed and the date of the mortgage never passed under either instrument, and, therefore, remained to this day the property of Mr. May.

We are not prepared to say the wording of the exception clearly and unequivocally supports the construction thus insisted upon, for several reasons.

Exceptions withdrawing from the estate granted some portion of the estate covered by the granting clause are to be strictly construed as against the grantor and in favor of the grantee. 16 Am.Jur. 615, § 309; 622, § 326; 26 C.J.S., Deeds, p. 451, § 140b, p. 454, § 140e.

The construction contended for would present a very unusual situation. In making their contracts persons are presumed to know the realities with which they are dealing, and contemplate the practical with respect to the subject matter. Here is a mortgage subject to foreclosure many years in the future, actually foreclosed more than ten years after it was given. How, and by what yardstick could it now be ascertained what trees became of merchantable size and quality during a period of nineteen months ten to twelve years ago? An intention so out of keeping with business dealings is not to be inferred except from quite certain and positive stipulations. It is quite common to insert such exceptions for the purpose of limiting the coverage of the mortgage to the estate owned by the mortgagor. 26 C.J.S., Deeds, p. 450, § 139c; Ib., pp. 458, 459, § 140. He owes a duty so to do both to the holder of the timber deed and to the mortgagee. Such exception may expressly recite that the timber is owned by another. But it does not follow that this may not be implied. For what reason is it supposed the mortgagor did not intend to convey his full title and ownership as security? In any event, the exception here considered is not so unequivocal as to demand the construc-

tion insisted upon by appellant as matter of law, cutting off all evidence of accompanying circumstances and conditions tending to sustain the decree of the court. What evidence was before the court on this line is not before us and could not be considered on a bill for review of this class.

Indulging the presumptions which the law indulges in favor of the decree now in question, we cannot accede to appellant's construction of the exception incorporated in the mortgage.

Appellant further argues that the record in the former suit disclosed, as matter of law, that the foreclosure deed of 1932, excepted all timber of merchantable quality on the land at the time of foreclosure. It is conceded that all timber becoming merchantable from the date of the mortgage in 1921 to the date of foreclosure in 1932 passed under the mortgage; but, says appellant, the record shows the foreclosure deed speaks as of the date of foreclosure, excepts the timber then on the land. Such view charges the mortgagee with a foreclosure passing only part of the estate held under his mortgage; charges that, without provision therefor in the mortgage, the mortgagee segregated the timber covered by his mortgage from the land, and left the mortgage unforeclosed at all as to such timber. The record discloses that on foreclosure the property sold did not bring the full amount of the mortgage debt, and the unpaid balance of the mortgage debt was later assigned to Mrs. Bedsole, appellee.

As before observed neither the notice of sale nor the foreclosure deed were parts of the record subject to review in the instant suit. Nothing in the pleadings or decree disclose an irregular foreclosure, a foreclosure only in part. For aught appearing the notice of sale followed the description contained in the mortgage, gave the date of the mortgage, thus giving notice of the date the words "except the timber" should be given effect. So far as appears the foreclosure deed was of the usual form, giving the same description as in the mortgage with other data disclosing the date the words "except the timber" should be given effect.

For these, and other reasons heretofore stated, we cannot concur in appellant's view that the record discloses, as matter of law, a foreclosure excepting any and all timber on the land as of the date of foreclosure. Every reasonable presumption favors a foreclosure of all the estate covered by the mortgage at the time of foreclosure.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.