35 So.2d 166

## WARREN v. ELLISON.
### 3 Div. 494.

Supreme Court of Alabama.
April 8, 1948.
Rehearing Denied May 13, 1948.

L. H. Warren and Richard T. Rives, both of Montgomery, for appellant.

Wm. Inge Hill, Jas. J. Carter and Hill, Hill, Stovall & Carter, all of Montgomery, for appellee.

BROWN, Justice.

The bill in this case is by the mortgagor (appellee) after due foreclosure, seeking

to enforce the statutory right of redemption. The purchaser at the foreclosure sale and the mortgagee are made parties defendant. The bill, to state the substance of its allegations, alleges that the complainant and others joined in the execution of the mortgage to the mortgagee Morris Dreyfus, covering two separate parcels of land distinctly marked for separate and distinct enjoyment and later executed a second. mortgage to a third party on the same property, which was duly transferred and assigned to the mortgagee named in the first mortgage. That default was made in the payment of both mortgages resulting in their foreclosure at the same time.

The complainant in this case owned the fee simple title to the parcel designated in the bill as parcel no. 1 and a one-forth interest in the other parcel 'designated as parcel no. 2. Said parcels were sold separately on the same day under the same advertisement in pursuance of the power of sale in said mortgages. Parcel no. 1 was offered for sale first and the respondent Warren, a stranger to the mortgage, became the highest bidder of said parcel no. 1 for the sum of $14,065.44. Parcel no. 2 was then offered for sale and respondent Warren was the highest and best bidder for said parcel for the sum of $13,500.00. It is stated in brief 'of appellee that "The amount received from the sale of the two parcels was sufficient to satisfy the mortgage debts and all costs of the foreclosure sales." But the bill does not so aver. However, demurrer does not specifically point out this defect. Equity Rule 14, Code 1940, Tit. 7, Appendix, p. 1052; Code of 1940, Tit. 7, § 236.

Subsequent to the foreclosure and within the time for redemption the complainant tendered to the purchaser the price bid at the sale for parcel no. 1 with interest at 10% from the date of sale to the date 'of tender, the aggregate amount of certain judgments which the respondent Warren purchased after the foreclosure with interest thereon up to the date of tender amounting to $19,529.38, which tender was refused on the ground that the complainant was without right or privilege of redeeming said parcel of land separately from the other parcel. On such refusal the bill was filed and the amount of the tender paid into court by complainant. The bill embodied an offer to do equity.

The original mortgagee filed an answer disclaiming any interest in this proceeding or the result thereof and Warren, the purchaser at the sale, filed demurrer to the bill stating nine grounds.

"1. There is no equity in the bill.

"2. The complainant has no right to redeem by piecemeal.

"3. It affirmatively appears that the complainant is undertaking to redeem only the parcel of real property referred to in the bill of complaint as Parcel No. 1, and the Court judicially knows that the complainant has no right to redeem by piecemeal.

"4. Complainant does not have the statutory right to redeem the property therein attempted to be redeemed.

"5. It affirmatively appears that the complainant has not tendered to the respondents the amount necessary to redeem.

"6. It affirmatively appears that by the mortgages foreclosed, both pieces of the property were conveyed as security for the entire indebtedness and the complainant has no statutory or other right to redeem by piecemeal.

"7. It affirmatively appears that on the same date on which this complainant [respondent] purchased the property at foreclosure, he executed to Morris Dreyfus, the owner and holder of the mortgages foreclosed, a new mortgage conveying both pieces of property for the security of the indebtedness therein referred to, and the complainant has no statutory right or other right to require such security to be divided or allocated as between said properties or to redeem by piecemeal.

"8. It affirmatively appears that this respondent paid the entire mortgage debts and is subrogated to all of the rights of the holder of the mortgages.

"9. It affirmatively appears that at the time of the attempted redemption and at the present time, this respondent owned the debts for which the property was sold,

and that the complainant did not pay or offer to pay or tender the balance due on said debts with interest thereon to date."

The court overruled the demurrer and from that decree the defendant Warren appealed predicating his assignments of error on that ruling.

■ It is familiar law, requiring no citation of authority, that the effect of the foreclosure was to cut off the equity of redemption and vest in the purchaser the title conveyed by the mortgage, leaving in the mortgagor only the statutory right of redemption. The appellant makes two contentions: (1) that statutory right of redemption is a single entity and the mortgagor cannot redeem one of such parcels without redeeming all of the property covered by the mortgages foreclosed; (2) that the mortgage debt secured by the two mortgages, though the mortgages are duly foreclosed, still exists for the protection of the purchaser' at the foreclosure sale and he is entitled to be subrogated to the rights of the mortgagee to maintain the unity and compel redemption of both properties.

■ It is the general rule that a person seeking to redeem from a mortgage either before or after maturity or foreclosure must pay the full amount of the mortgage debt. And it is a general rule that a person interested in the mortgaged premises, though his interest is related solely to a portion of the premises, is not entitled to redeem a portion of the mortgaged premises without payment of the entire mortgage debt and where one seeks to redeem from a foreclosure where the property has been sold en masse, in the absence of an agreement between the parties, the foreclosure purchaser who has purchased the entire property at a single sale cannot be compelled to accept partial payment and release the premises pro tanto. Duncan v. Hubbard, 234 Ala. 202, 174 So. 291; Hargett v. Franklin County, 212 Ala. 423, 103 So. 40; 3 Wiltsie on Mortgage Foreclosure, 5th Ed., p. 1690, § 1091. The underlying fact upon which this rule exists or out of which it arises is that the mortgage debt is a single entity and the law fixes no rule or standard where in a single sale all of the property is disposed of and purchased by the purchaser at the foreclosure sale by which the debt may be divided or apportioned to any specific tract or parcel of the mortgaged property. The unity of the debt is fixed by the contract of the parties and it is secured in its entirety by the mortgage lien. This rule has its exceptions, one of which is where by the act of the mortgagee or by operation of statute or other rule of law, there are separate sales of distinct parcels, each for a specific price, the purchaser at such price acts in consonance with the mortgagee in breaking or destroying the unity of the debt and the purchase money bid for each parcel is by operation of law credited pro tanto to the mortgage debt and each parcel is thereby discharged from the lien of the mortgage. Under the statutes of redemption the mortgagor is entitled to redeem from the purchase of the separate parcels by compliance with the statute of redemption. Lord v. Blue, 200 Ala. 521, 76 So. 463; State ex rel. Twiss v. Carpenter, as Sheriff etc., 19 .Wash. 378, 53 P. 342.

■ Appellant contends, however, that this rule is not applicable where the same person purchases the property at such separate sales. As above stated, where by the act of the purchaser in consonance with the law, the unity of the debt and the security has been broken, we find no sound reason for differentiating the holding in Lord v. Blue, supra, from the case at bar. The appellant cannot be hurt by such redemption. He by his bid fixed the price of the property and is entitled to the full price bid at the sale for such parcel, with penalties attending redemption and the payment of lawful charges on the property, all of which has been tendered to him and paid into court.

■ Under the law applied to the facts alleged, it was necessary that the separate parcels distinctly marked for separate and distinct enjoyment should be first offered for sale in parcels rather than en masse conducive to better price and to prevent odious speculation on the distress of the mortgagor (debtor) and to enable him to redeem some of the property without being compelled to redeem it all. This principle was definitely decided in Kelly v. Carmi-

chael, 217 Ala. 534, 117 So. 67, reaffirmed in Lee v. Macon County Bank et al., 233 Ala. 522, 170 So. 662.

In the absence of a repudiation of the mortgage by the mortgagor or a failure of due foreclosure to pass the title of the mortgagee to the purchaser, the doctrine of equitable subrogation is without application. Butler v. Wilson, 239 Ala. 221, 194 So. 669; 50 Am.Jur. pp. 679, 680, § 3.

Under the facts alleged in the bill the payment of the purchase price bid for parcel no. 1 under the authorities was a pro tanto payment of the mortgage debt and released that parcel from the lien under the mortgage and the subsequent sale of parcel no. 2, as the parties have treated the question, was sufficient to satisfy the entire indebtedness secured by both mortgages and the cost and expenses of the sale and operated as full payment and satisfaction of the mortgage debts, vesting the legal title of the property in the purchaser, subject to the statutory right of redemption in the mortgagor. This right or privilege cannot be unduly burdened or destroyed by the acts of the mortgagee or purchaser at the foreclosure sale. 3 Wiltsie on Mortgage Foreclosure, 5th Ed., § 1064.

The ruling and decree of the circuit court is consistent with these views and the decree is, therefore, affirmed.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.