PER CURIAM.
This appeal involves a question of whether an “accommodation mortgagor,” as holder of the legal title to the land located under a building in downtown Birmingham, has a statutory right to redeem only the land owned by it, which was mortgaged to the bank and which was sold by the bank at a foreclosure sale, or whether the “accommodation mortgagor” must pay the entire purchase price to the bank as purchaser at the foreclosure sale in order to redeem its own property.
The question presented, of course, requires us to examine Alabama law regarding the issue of “piecemeal redemption,” and whether it applies under the facts of this case.
*361 FACTS
Costa and Head (Birmingham One), Ltd., and certain individual plaintiffs who are general partners in Birmingham One (hereinafter all are referred to as “Birmingham One”) filed suit for a declaratory judgment as to whether Birmingham One had the right to redeem some real property from a mortgage foreclosure without having to pay the entire purchase price paid by the purchaser at the foreclosure sale. Birmingham One asked the court to determine the amount necessary for it to pay in order to redeem.
The National Bank of Commerce of Birmingham (hereinafter “NBC”) and other defendants held the mortgage, under which title to the land and the buildings and improvements had been transferred to the bank, and, after default on a note, the bank instituted foreclosure proceedings and at the foreclosure sale bought the property on a bid of $5,000,000. The property involved is land in downtown Birmingham that has on it buildings and other improvements that are not owned by Birmingham One. Birmingham One owned only the real estate; the improvements were owned by Costa and Head (Atrium), Ltd. (hereinafter “Atrium”), a limited partnership in which Birmingham One is the general partner. The trial court dismissed the complaint for failure to state a claim upon which relief could be granted. Rule 12(b)(6), A.R.Civ.P. The plaintiffs want to redeem the land only and pay only a portion of the purchase price paid by the bank at the foreclosure sale. The only issue is whether the law of redemption will permit an “accommodation mortgagor” that has transferred only its interest in the land to redeem that portion of the property sold at foreclosure by paying only a part of the mortgage debt.
I
Although motions to dismiss under Rule 12(b)(6) are rarely appropriate, we believe that sufficient facts were presented in this case from which it could be determined as a matter of law, whether Birmingham One was entitled to redeem the portion of the mortgaged property owned by it.
The facts, summarized in a light most favorable to the plaintiffs, are as follows:
On June 29, 1984, Birmingham One owned the subject real property. Birmingham One did not own the improvements located on the property. The improvements were owned by another limited partnership, Atrium.
On June 29, 1984, Birmingham One, as an accommodation mortgagor, gave a mortgage on the subject property, the land exclusive of improvements, to NBC to secure a loan from NBC to Atrium. Atrium was a party to the same mortgage, conveying its interest in the improvements located on the subject property. The mortgage recites that Birmingham One is the owner of the land described in the mortgage and that Atrium is the owner of the improvements located on this land. The mortgage described the “mortgaged property” as Birmingham One’s title and interest in the land, Atrium’s interest in the buildings and improvements on the land, and Atrium’s leasehold interest in the land. The warranty provisions of the mortgage contain a recitation that Birmingham One warrants title to the land, but with “buildings and improvements excepted.” Atrium warranted title to its leasehold interest in the land and its fee simple title to the buildings and improvements located on the land.
The mortgage contained a power of sale, which included a provision that NBC could elect to sell the mortgaged property in portions, specifying that the leasehold interest, the fee simple interest, etc., were separate portions that could be sold separately. NBC foreclosed the mortgage under this power of sale on March 22, 1988. NBC, the mortgagee, was the purchaser at the foreclosure sale, on a bid of $5,000,000. The foreclosure deed conveyed the property by legal description to NBC, with no differentiation or distinction as to the separate interests owned by Birmingham One and Atrium in the mortgaged property.
After the foreclosure, NBC conveyed an interest in the property acquired through foreclosure to defendants Hibernia Nation *362 al Bank (hereinafter “HNB”) and Deposit Guaranty National Bank (hereinafter “DGNB”).
Birmingham One desires to redeem not the entire property, which consists of the land and improvements, but only the real property (the land exclusive of the improvements). In furtherance of its intention to redeem, ón February 15, 1989, Birmingham One made written demand upon all of the defendants for a statement of charges for redemption, pursuant to Ala.Code 1975, § 6-5-234. In its demand, Birmingham One made it clear that it desired only to redeem the real property, which it owned, and not the improvements, which it did not own.
The defendants jointly replied to the demand for charges by a letter in which they denied that Birmingham One had a right to redeem, denied that it had a right to redeem only the land exclusive of improvements, and asserted that if Birmingham One was entitled to redeem then it must pay the entire $5,000,000 bid by NBC at the foreclosure sale, plus additional itemized expenses.
Birmingham One filed this action to determine its rights to redeem its property and the appropriate procedure for redemption.
II
We now consider the central legal question presented: whether the trial court correctly held that Birmingham One was not entitled to redeem only the real property it had mortgaged unless it paid the entire mortgage debt.
The basic positions of the parties can be summarized as follows: Birmingham One contends that under the mortgage instrument it transferred only its interest in the land located under the buildings and improvements; therefore, it says, it had no interest in the remainder of the property and could redeem the part that it owned. Birmingham One, in fact, contends that it has no statutory right to redeem property it did not have an interest in.
The bank disagrees. It contends that there can be no “piecemeal redemption,” and that, even if there could be, because Birmingham One is the general partner of Atrium, which is the owner of the buildings and improvements and the principal debtor, the redemption statutes require that it pay the full amount of the mortgage debt.
III
Because the mortgage foreclosure occurred prior to January 1, 1989, the redemption rights of the appellant are governed by Ala.Code 1975, §§ 6-5-230 et seq., rather than by Act No. 88-441.
Birmingham One concedes that the decisions of this Court uniformly hold that improvements located on real property are prima facie part of the land and are owned by the owner of the land. Sullivan v. Lawler, 222 Ala. 628, 133 So. 911 (1931). However, Birmingham One argues that these decisions recognize that, by agreement, parties may sever the ownership of improvements from ownership of the land, and that this is what has occurred in this case.
IV
The right to redeem after a mortgage foreclosure is a statutory right. Wilkes v. Hood, 237 Ala. 72, 185 So. 748 (1939). The resolution of this case, therefore, requires a construction of the statutes that grant and regulate the right of redemption and also requires a consideration of the underlying purpose for allowing a person or entity to redeem. Because of the relationships of the parties and the separate ownership of the realty and improvements, this case also requires us to construe the redemption statutes as we think the legislature intended for them to apply in such business transactions.
The traditionally recognized purpose of the statutory right of redemption is to “prevent the sacrifice or loss” of a mortgagor’s land. Memorial Shrines, Inc. v. McConnell, 270 Ala. 266, 117 So.2d 684 (1960). Stated another way, the purpose is the “rescue” from sacrifice of a debtor’s *363 property. 117 So. 411 (1928). Kelley v. Hurt, 217 Ala. 694,
If the purpose of the statute is rescue, then the next question is what property, or whose property, is to be rescued. This Court stated in the early case of Commercial Real Estate & Bldg. Ass’n v. Parker, 84 Ala. 298, 301-02, 4 So. 268, 269-70 (1888):
“The very idea of redemption necessarily involves the correlative idea of an interest in the thing sought to be redeemed. It is the rescuing from sacrifice of the debtor’s property — not the property of another. We construe the statute to confer the statutory right of redemption upon debtors only for the purpose of redeeming their own property — property in which they have some interest at the time of sale. If the debtor has parted with this interest, he has abandoned the right to redeem, because the right can not exist except as an incident of ownership.”
It is this “interest in the thing sought to be redeemed” that Birmingham One insists is controlling. It argues that a debtor (it makes no argument that it is not a “debt- or”) is entitled to redeem only his property, not the property of another, and that it has no right to redeem property it did not own, i.e., Atrium’s improvements, and that this principle of law should be applied especially in this case because of the commercial nature of the transaction.
V
A complaint seeking redemption of realty that is deficient or is lacking in the necessary averments is without equity and is due to be dismissed. Continental Dev. Corp. v. Vines, 289 Ala. 648, 270 So.2d 661 (1972), cert. denied, 414 U.S. 877, 94 S.Ct. 58, 38 L.Ed.2d 122 (1973). Consequently, if Birmingham One cannot redeem without payment of the entire purchase price, as provided for by statute, then the trial judge was correct and his judgment is due to be affirmed.
VI
The law does not allow piecemeal redemption, absent an agreement providing for it, but the mortgage in question had no provision that even attempted to make such redemption possible. As this Court stated in Warren v. Ellison, 250 Ala. 484, 35 So.2d 166 (1948):
“It is the general rule that a person seeking to redeem from a mortgage either before or after maturity or foreclosure must pay the full amount of the mortgage debt. And it is a general rule that a person interested in the mortgaged premises, though his interest is related solely to a portion of the mortgaged premises, is not entitled to redeem a portion of the mortgaged premises without payment of the entire mortgage debt and where one seeks to redeem from a foreclosure where the property has been sold en masse, in the absence of an agreement between the parties, the foreclosure purchaser who has purchased the entire property at a single sale cannot be compelled to accept partial payment and release the premises pro tanto. [Citations omitted.] The underlying fact upon which this rule exists or out of which it arises is that the mortgage debt is a single entity and the law fixes no rule or standard where in a single sale all of the property is disposed of and purchased by the purchaser at the foreclosure sale by which the debt may be divided or apportioned to any specific tract or parcel of the mortgaged property. The unity of the debt is fixed by the contract of the parties and it is secured in its entirety by the mortgage lien.”
250 Ala. at 487, 35 So.2d at 168.
Section 6-5-235 provides:
“Anyone entitled and desiring to redeem real estate under the provisions of this article must also pay or tender to the purchaser or his vendee the purchase money, with interest ..., and all other lawful charges, with legal interest, which are:
******
“(4) If the redemption is made from a person who at the time of redemption owned the debt for which the property was sold, he must also pay any balance *364 due on the debt, with interest thereon to date.”
The amount required for redemption includes any outstanding balance of the mortgage indebtedness. Dawsey v. Kirven, 212 Ala. 652, 103 So. 866 (1925).
In this case, there was no agreement between the parties that would permit the partial redemption sought by the plaintiffs. As a result, “every reasonable presumption favors a foreclosure of all the estate covered by the mortgage at the time of foreclosure.” May v. Bedsole, 245 Ala. 323, 16 So.2d 703 (1943). The plaintiffs wish to effect a redemption by paying something less than that required by § 6-5-235. The complaint states that the amount demanded by the defendants to permit redemption of the mortgaged property “includes sums not properly allocable to the real property interest owned by the [plaintiffs].” The statute requires payment of the full purchase price paid at foreclosure plus any outstanding mortgage balance in order to redeem the mortgaged property.
Birmingham One wants this Court to recognize an exception to the rule against piecemeal redemption that would allow a mortgagor who owns only a specific part of the property included in the mortgage to redeem only that portion without having to redeem the entire mortgaged property and without paying off the entire mortgage debt. The issue of whether the owner of only a partial interest in land can redeem only that part has been addressed by this Court in Pitts v. American Freehold Land Mortgage Co., 123 Ala. 469, 26 So. 286 (1899), and Pitts v. American Freehold Land Mortgage Co. of London, Ltd., 157 Ala. 56, 47 So. 242 (1908). These cases were cited during oral arguments by counsel for Birmingham One. In those two cases, which arose out of the same fact situation, this Court refused to allow the remaindermen of a 200-acre portion of a mortgaged 680-acre tract to redeem the entire tract because they did not own any interest in the 480-acre portion. While refusing to allow the remaindermen to redeem the entire tract, this Court did allow them to redeem their 200-acre tract once the life estate had been extinguished.
We do not need to address the issue of allowing a mortgagor to redeem a particular portion of mortgaged property when that mortgagor did not have any interest in the remaining portions of the tract, because that factual situation is not presented in the case before us.[1] Birmingham One’s very justification for this exception to the rule against piecemeal redemption (that it cannot redeem what it does not own) is not applicable here, because Birmingham One did have an interest in the improvements at the time of the mortgage, as a general partner of Atrium. As the general partner of Atrium, Birmingham One has the same rights and powers as a partner in a traditional partnership. § 10-9A-62. A partner is a co-owner with the other partners and holds the property as a tenant in partnership. § 10-8-72(a). Where title to real property is in the partnership name, any partner may convey the title by a conveyance executed in the partnership name. § 10-8-73(a). It is stated in 59 C.J.S. Mortgages § 836(d) (1949):
“One who has an interest as a partner in mortgaged property may enforce his equitable right to redeem. So, in [the] case of a mortgage of partnership property, either partner is a debtor entitled to exercise a statutory right to redeem from a sale on foreclosure, and he may redeem the entire property.”
*365 An Alabama case is cited by C.J.S. for that proposition. In Lehman, Durr & Co. v. Moore, 93 Ala. 186, 9 So. 590 (1891), overruled in part on other grounds by Cowley v. Shields, 180 Ala. 48, 60 So. 267 (1912), this Court stated:
“[W]e have the case of an effort by one who, with another, held and mortgaged the land as a tenant in common, to redeem the entire land and all interests in it from the purchasers at foreclosure sale for his sole benefit.... We know of no adjudication or text directly bearing upon the right of one tenant in common, or of one partner, if the land may, in equity, be considered partnership property, to redeem from such purchaser. We are, however, of opinion that, in this case, either of the mortgagors may exercise this statutory right. Each of them is manifestly a debtor, and so fills that term of the statute. Each of them is as much within the spirit and purpose of the law with respect to a one-half undivided interest, as if he alone was concerned in the premises. Each of them is as much entitled, abstractly speaking, to recover that interest, as if his right to do so were not apparently clogged by a like interest in the other. Yet neither can recover only the interest to which he is ultimately entitled, because the purchaser has a right to insist upon payment of the whole amount bid by him, with interest and charges, and it would be an anomaly, which the law does not contemplate, and will not tolerate, to require him to make the purchaser whole in respect of all he has expended, and the interest on his outlay, in consideration of the land, and at the same time leave half that consideration in his hands; and because, further, the statute itself provides for and requires the redemption of whatever interest passed by the foreclosure sale. In this case, that interest was the entire fee. The complainant is a debtor within the statute, as we have said. He therefore has a right to redeem. The thing, and the only thing, subject to redemption is the interest which thus passed. He, it therefore follows, has a right to redeem the entire fee. Any other conclusion would not only offend the manifest spirit of the statute, but do violence to its letter.”
93 Ala. at 189-90, 9 So. at 592.
Birmingham One, as the general partner in Atrium, had an interest in the improvements at the time of the mortgage and has the right to redeem those improvements. Therefore, because Birmingham One has the right to redeem the entire property mortgaged (both the land and the improvements), any attempt by Birmingham One to redeem only the land would violate the rule against piecemeal redemptions and a plaintiff attempting to so redeem fails to state a claim upon which relief can be granted.
Because the plaintiffs’ complaint shows that Birmingham One, as the general partner of Atrium, did have an interest in the improvements and that the redemption sought would violate the rule against piecemeal redemptions, the trial court did not err in dismissing the complaint for failure to state a claim upon which relief could be granted. The judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
MADDOX and JONES, JJ., dissent.

. This issue could be presented in some other case, such as a case wherein one person owned the surface rights to the land, another owned the mineral rights, and another owned the timber standing on the land and all three put up their separate interests to secure a mortgage. There could be a situation in which the property, after foreclosure, might appreciate in value; the question could then easily become: Who had the right to redeem, and could one owner redeem the others’ interest, or would it be a "race” to see who started redemption first? Can one of the mortgagors, who owns only a particular interest in the property, redeem the interests transferred by the other two owners? The issue of allowing this kind of exception to the rule against piecemeal redemption could have far-reaching implications; nonetheless, it is simply not presented by this case.