MADDOX, Justice
(dissenting).
I agree with Birmingham One’s claim that, even though the decisions of this Court uniformly hold that improvements located on real property are prima facie part of the land and are therefore owned by the owner of the land, see, e.g., Sullivan v. Lawler, 222 Ala. 628, 133 So. 911 (1931), nevertheless, these decisions recognize that, by agreement, parties may sever the ownership of improvements from ownership of the land, and that this is what has occurred in this case.
I recognize that the general rule, of course, is that the law does not favor piecemeal redemptions, and that, absent an agreement providing for it, there can be no piecemeal redemption. This Court stated *366 in Warren v. Ellison, 250 Ala. 484, 35 So.2d 166 (1948):
“It is the general rule that a person seeking to redeem from a mortgage either before or after maturity or foreclosure must pay the full amount of the mortgage debt. And it is a general rule that a person interested in the mortgaged premises, though his interest is related solely to a portion of the mortgaged premises, is not entitled to redeem a portion of the mortgaged premises without payment of the entire mortgage debt and where one seeks to redeem from a foreclosure where the property has been sold en masse, in the absence of an agreement between the parties, the foreclosure purchaser who has purchased the entire property at a single sale cannot be compelled to accept partial payment and release the premises pro tanto. [Citations omitted.] The underlying fact upon which this rule exists or out of which it arises is that the mortgage debt is a single entity and the law fixes no rule or standard where in a single sale all of the property is disposed of and purchased by the purchaser at the foreclosure sale by which the debt may be divided or apportioned to any specific tract or parcel of the mortgaged property. The unity of the debt is fixed by the contract of the parties and it is secured in its entirety by the mortgage lien.”
250 Ala. at 487, 35 So.2d at 168.
Section 6-5-235 provides:
“Anyone entitled and desiring to redeem real estate under the provisions of this article must also pay or tender to the purchaser or his vendee the purchase money, with interest ..., and all other lawful charges, with legal interest, which ■are:
It * * * *
“(4) If the redemption is made from a person who at the time of redemption owned the debt for which the property was sold, he must also pay any balance due on the debt, with interest thereon to date.”
I also recognize that the general rule is that the amount required for redemption includes any outstanding balance of the mortgage indebtedness. Dawsey v. Kirven, 212 Ala. 652, 103 So. 866 (1925).
In this case, the mortgage instrument is silent concerning what rights, if any, Birmingham One has after foreclosure, but the mortgage instrument does suggest that the parties intended that Birmingham One, as the “accommodation mortgagor” transferred only its interest in the land, not the buildings and improvements. This Court has also said that “every reasonable presumption favors a foreclosure of all the estate covered by the mortgage at the time of foreclosure.” May v. Bedsole, 245 Ala. 323, 16 So.2d 703 (1943). In this case, Birmingham One contends that it transferred only its interest in the land and that the mortgage instrument shows that it, as “accommodation mortgagor,” did not transfer any interest it had as a general partner of Atrium. Consequently, Birmingham One, in its complaint, states that the amount demanded by the bank to permit redemption of the mortgaged property “includes sums not properly allocable to the real property interest owned by the [plaintiffs].” I agree with Birmingham One.
The statute, of course, requires payment of the full purchase price paid at foreclosure plus any outstanding mortgage balance in order to redeem the mortgaged property, but Birmingham One contends, and I agree, that this Court should recognize an exception to the rule against piecemeal redemption under the facts of this case and should allow a mortgagor, such as it is in this case, which owns only a specific part of the property included in the mortgage, to redeem only that portion without having to redeem the entire mortgaged property and without paying off the entire mortgage debt.
Birmingham One relies heavily on two early Alabama cases for its position that it is entitled to redeem only that which it owns. Those cases, which I think are instructive, are Pitts v. American Freehold Land Mortgage Co., 123 Ala. 469, 26 So. 286 (1899), subsequent appeal, Pitts v. American Freehold Land Mortgage Co. of London, Ltd., 157 Ala. 56, 47 So. 242 *367 (1908). In Pitts, a mortgage was executed by the owner of 680 acres of land. The mortgagor then conveyed 200 acres of the mortgaged property to his wife. The mortgage was subsequently foreclosed and the mortgagee became the purchaser without authority. The mortgagor failed to exercise his equity of redemption in the 480 acres within the two-year period. After the mortgagor’s wife died, her minor children, having inherited the 200 acres from their mother, filed suit to set aside the foreclosure sale of the entire mortgaged property, and also to exercise their right to redeem not only the 200 acres but the entire tract. One of the questions dealt with in the first Pitts case was whether the heirs had the right to redeem the entire 680-acre tract or whether their right to redeem was limited to the 200-acre tract.[2] In the two Pitts cases, which arose out of the same fact situation, this Court refused to allow the remaindermen of a 200-acre portion of a 680-acre mortgaged tract to redeem the entire tract, because they did not own any interest in the 480-acre portion. While refusing to allow the remain-dermen to redeem the entire tract, this Court did allow them to redeem their 200-acre tract, once the life estate had been extinguished.[3]
NBC contends that Birmingham One’s justification for this exception to the rule against piecemeal redemption (that it cannot redeem what it did not own) is not applicable here, because Birmingham One did have an interest in the improvements at the time of the mortgage, as a general partner of Atrium. The majority agrees with this argument, finding that Birmingham One, as the general partner of Atrium, had the same rights and powers as a partner in a traditional partnership, Ala.Code 1975, § 10-9A-62, and, as a partner, was a co-owner with the other partners and held the property as a tenant in partnership. § 10-8-72(a). The general rule, of course, is that where title to real property is in the partnership name, any partner may convey title to the property by a conveyance executed in the partnership name, and I recognize that that rule has been applied in Alabama in Lehman, Durr & Co. v. Moore, 93 Ala. 186, 9 So. 590 (1891), overruled in part on other grounds by Cowley v. Shields, 180 Ala. 48, 60 So. 267 (1912).
Should that general rule of law be applicable in this case, in which Birmingham One is seeking to exercise its rights, under the mortgage instrument, as an “accommodation mortgagor,” to redeem only that property that it, not the partnership, conveyed to NBC? I think not. I agree with Birmingham One that the rule should not be applied here and that the judgment of the trial court dismissing its complaint should be reversed.
Because I would reverse, I believe it is incumbent upon me to set forth the Alabama law of redemption, as I understand it, and to set out the reasons why Birmingham One, in my judgment, is entitled to a declaration of rights.
The Alabama law of redemption could be summarized as follows:
1) The right to redeem property after foreclosure is a right conferred by statute. Farris v. Jim Walter Homes, Inc., 519 So.2d 1338 (Ala.1988).
*368 2) As a general rule, in the absence of an agreement between the parties, a party seeking to redeem from a mortgage after foreclosure must pay the full amount of the mortgage debt. Warren v. Ellison, 250 Ala. 484, 35 So.2d 166 (1948).
3) The purpose of the statutory right of redemption is to prevent sacrifice or loss of a mortgagor’s land. Memorial Shrines, Inc. v. McConnell, 270 Ala. 266, 117 So.2d 684 (1960).
4) The very idea of redemption necessarily involves the correlative idea of an interest in the thing sought to be redeemed. Commercial Real Estate & Bldg. Ass’n v. Parker, 84 Ala. 298, 301-02, 4 So. 268 (1888); Cf. Pitts v. American Freehold Land Mortgage Co., 123 Ala. 469, 26 So. 286 (1898).
5) Piecemeal redemptions are not favored, especially when a single mortgagor conveys more than one tract, or a divisible tract, in one mortgage. Duncan v. Hubbard, 234 Ala. 202, 174 So. 291, 292 (1937).
6) A mortgagor is a debtor under the redemption statutes and is entitled to redeem. Fonde v. Lins, 259 Ala. 553, 67 So.2d 834 (1953).
Applying these principles to the facts of this case, I conclude:
1) Birmingham One was a debtor and was entitled to redeem its interest in the property it transferred.
2) Birmingham One, as an “accommodation mortgagor,” under the terms of the mortgage instrument, transferred and warranted a fee simple title in the land (buildings and improvements excepted), as follows:
“Accommodation Mortgagor hereby warrants that except as otherwise shown on Exhibit ‘A’, it is lawfully seized of an indefeasible fee simple estate in the land (buildings and improvements excepted) hereby mortgaged and has good and absolute title to all existing personal property hereby mortgaged and has good right, full power and lawful authority to sell, convey and mortgage the same in the manner and form aforesaid; that the same is free and clear of all liens, charges, and encumbrances whatsoever, including, as to the personal property and fixtures, conditional sale contracts, chattel mortgages, security agreements, financing statements, and anything of a similar nature, and that Borrower shall and will warrant and forever defend the title thereto and the quiet use and enjoyment thereof unto the Lender, its successors and assigns, against the lawful claims of all persons whomsoever.”
3) Birmingham One, under the terms of the mortgage, transferred and warranted only its interest in the land, not the buildings or improvements, and was not entitled to redeem any interest but that which it transferred.
4) The ownership interests in the land and in the buildings and improvements were divisible, and were so recognized by the parties.
5) To require Birmingham One, as an accommodation mortgagor, to pay the entire purchase price before it could redeem would violate the spirit of the redemption statute, the purpose of which is to “prevent the sacrifice or loss” of a mortgagor’s land. Memorial Shrines, Inc. v. McConnell, 270 Ala. 266, 117 So.2d 684 (1960).
6) To require Birmingham One, the holder of the title to only the land, and an “accommodation mortgagor,” to redeem land it did not own is contrary to the legislative purpose of allowing only those having some interest in the property to exercise the right of redemption.
7) Material questions of fact exist concerning the relationship between the parties, the reasonable expectations of the parties, and the legal effect of the various instruments executed by the parties; these questions should not be settled without a trial.
Based on the foregoing, I would hold that the trial court erred in dismissing Birmingham One’s complaint for a declaratory judgment and I would reverse the judg *369 ment of that court; consequently, I must respectfully dissent.
JONES, J., concurs.

. The first Pitts case notes that the mortgage company's demurrer in that case recognized the right of the heirs to redeem the 200-acre tract. The opinion notes as to their right to redeem the 200-acre tract: "It would seem there is no question of their having it." The first Pitts case also holds that the heirs had no right to redeem the 480-acre tract. I agree with counsel for Birmingham One that Pitts does hold that a person cannot redeem property that that person does not have an interest in.

. I do not address the issue of allowing a mortgagor to redeem a particular portion of the mortgaged property when that mortgagor did not have any interest in the remaining portions of the tract, because that factual situation is not presented in this case. The Pitts cases hold that a person who does not have an interest in the mortgaged property cannot redeem it. It seems to me that no one can argue with the principle that a person who did not have an interest in the mortgaged property should not have a right to redeem it, because that person never owned it in the first place. The question of whether to permit redemption of even the part owned without payment of the entire debt, of course, presents a tougher question.